# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@morrisnichols.com

December 6, 2021

The Honorable Maryellen Noreika                          *VIA ELECTRONIC FILING*
J. Caleb Boggs Federal Building
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801-3555

Re:   *United States of America v. United States Sugar Corporation, et al.*
      C.A. No. 21-1644 (MN)

Dear Judge Noreika:

      We represent U.S. Sugar Corporation, and write on behalf of all Defendants to request a conference at the Court's earliest convenience to discuss how this case should proceed. Specifically, for the reasons set forth in Defendants' recent filings, D.I. 13-18, Defendants would like to discuss a potential transfer to the Southern District of Georgia, and the timing of a bench trial in the event that the Court does not grant Defendants' transfer motion. Counsel for the parties have met and conferred about these issues but have not reached agreement on how the case should proceed.

      **Transfer.** This case involves a challenge by the Antitrust Division of the United States Department of Justice to U.S. Sugar's acquisition of assets of Imperial Sugar and, in particular, a sugar refining facility near Savannah, Georgia. The DOJ seeks to block this deal pursuant to Section 7 of the Clayton Act and alleges that the acquisition will cause particular harm to customers in "Georgia and the five states that border it," Compl. ¶ 4—which is where the parties to the transaction and most key witnesses are located. Nonetheless, the DOJ has sued in this District, asserting that Delaware is part of the Southeast.

      **Trial Schedule.** Defendants request a prompt conference and prompt resolution of the transfer motion because delays could doom the transaction. When the DOJ seeks to block a deal, that creates significant market uncertainty, which can cause real harm to the merging companies in terms of competing for sales and retaining employees. Recognizing that reality, trials of claims brought under Section 7 of the Clayton Act occur quickly. Indeed, the Clayton Act requires that the district court shall proceed to hear and determine antitrust cases like this one "as soon as may be."

The Honorable Maryellen Noreika
December 6, 2021
Page 2

15 U.S.C. § 25.  For instance, Judge Stark conducted trial in the *United States v. Sabre Corp.* case beginning on January 27, 2020, five months after the Complaint was filed on August 20, 2019.  452 F. Supp. 3d 97, 103 (D. Del. 2020).  That is in line with the expedited trials in other recent challenges to acquisitions, such as *United States v. AT&T Inc.*, where the trial of a challenge to an over $100 billion acquisition began 122 days after the complaint was filed.  310 F. Supp. 3d 161, 184, 187 (D.D.C. 2018).

  Here, Defendants are concerned that absent an expedited trial schedule, the clock may run out on the parties, such that this matter would not be decided on the merits.  The DOJ has been investigating this transaction since March of 2021, and it has interviewed market participants, collected hundreds of thousands of documents and conducted numerous depositions.  The DOJ knows that the parties' asset purchase agreement contains an "outside date" in September of 2022—after which the agreement can be terminated unless the parties reach a new contractual agreement.  Nevertheless, the DOJ has proposed to have trial commence in September of 2022—which is longer than the amount of time between complaint and trial in any comparable DOJ Section 7 merger case in the last decade, and twice as long as the average.  Adopting such a schedule would preclude a timely decision on the merits, and thus put the deal in doubt.

  Although Defendants understand the caseload of the Court and its overloaded trial calendar, Defendants respectfully request a bench trial no later than April of 2022 if the case is not transferred, so that this case can be decided on the merits rather than by the passage of time. Defendants submit that a prompt conference to discuss the timetable for resolving the transfer motion, and the timetable for trial if the Court declines the motion, will assist the parties in planning discovery and future proceedings.

            Respectfully,

            */s/ Jack B. Blumenfeld*

            Jack B. Blumenfeld (#1014)

JBB/bac

cc:  All Counsel of Record (via electronic mail)