

**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

December 6, 2021

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801-3555

      Re:    United States of America v. United States Sugar Corporation, et al.
              C.A. No. 21-1644 (MN)

Dear Judge Noreika:

      I represent the United States of America in the above-captioned case, and write in response to Defendants' letter to the Court (D.I. 20) dated December 6, 2021 and the Court's December 6th Oral Order (D.I. 21).

      Defendants waited ten days after the complaint to file their motion to transfer or to expedite trial (D.I. 13-18), then submitted a letter the morning of the first business day after filing their motion, without meeting and conferring with the United States, demanding a conference with the Court to discuss the substance of their motion. Defendants did not file an emergency motion, which makes sense because they cannot meet the standard. Instead, Defendants filed their motion under Delaware Local Rule 7.1.2(b). The United States will respond to Defendants' motion in full by Monday, December 13, as ordered, and submits this letter now to clarify the record regarding a schedule for this matter and to seek the Court's assistance in reaching a negotiated Case Management Order with the Defendants.

      **Trial Schedule.** Defendants are seeking to expedite the trial in this Court as alterative relief to their motion to transfer venue. The United States respectfully submits that Defendants' request is premature. The United States filed its complaint on Tuesday, November 23. Not until seven days later did counsel for the final defendant agree to accept service and waive summons. Moving promptly, on that same day, the United States sent counsel for Defendants a proposed Case Management Order (CMO) as well as a proposed protective order.

      Defendants have refused to provide a counterproposal to our proposed CMO. During the one meet-and-confer (held Friday, December 3—the same day Defendants filed their motion to transfer and asked for an expedited trial schedule in the alternative) Defendants would not engage on the proposed CMO or even inform the United States when we might expect a complete response. Defendants now seek to rush this request without having engaged on the proposed CMO we sent to them six days ago. Instead, Defendants propose setting a trial date without discussion of any interim steps that are contemplated in the Court's Form Scheduling Order and that are necessary to adequately prepare for a trial. Defendants' proposal

unreasonably rushes the schedule and severely prejudices Plaintiff's ability to meet its burden of proof.

The United States has proposed a reasonable schedule that would afford time to develop a record on which this Court can base its decision, and the United States is willing to reach a compromise on a trial date and the related case management interim dates and terms through the meet and confer process.  The United States respectfully submits that the setting of a trial date should follow further engagement on key CMO deadlines. This is particularly true given that Defendants have not answered the complaint yet or ruled out a motion to dismiss which would help clarify the scope of discovery and disputed issues for trial.  Defendants also have not articulated a reason why an April trial date is necessary when it is more than five months before the so-called "outside date" of September 2022 referenced in their motion and December 6 letter.  Moreover, the "outside date" is just an option that the merging companies need not exercise, and that they are free to renegotiate.  That is, the proposed transaction before this Court does not automatically expire on this "outside date."

Understanding the Court's order setting a trial date, the United States respectfully requests that the order be vacated so the parties may have the opportunity to complete the meet and confer process, negotiate appropriate deadlines, and propose a possible trial date to the Court.  The United States can engage in such negotiations on an expedited basis such that if the Court were to order the parties to meet and confer, the parties would submit either competing or a joint CMO no later than Friday, December 10.  If the parties cannot reach agreement on a proposed trial schedule and related aspects of case management, the United States requests an opportunity to be heard on this issue by the Court.

**Transfer.**  The United States opposes Defendants' motion to transfer.  As will be fully explained in the United States' opposition, this case seeks to enjoin a transaction between two Delaware corporations, U.S. Sugar Corporation ("U.S. Sugar") and Louis Dreyfus Company LLC ("LDC").  This transaction is governed by an asset purchase agreement with a Delaware choice of law provision.  Moreover, the asset purchase agreement requires the parties to the agreement to bring any lawsuit arising out of or relating to the agreement exclusively in the state or federal courts located in New Castle County, Delaware.  In addition, the United States alleges that the transaction will harm customers and consumers in the State of Delaware.  Indeed, as the evidence will show, Defendant United Sugars Corporation ("United," the cooperative marketing all of U.S. Sugar's refined sugar) and Imperial are the largest sellers of refined sugar to customers in Delaware, and if the merger is allowed to proceed the Defendants will control an overwhelming percentage of the sales in this state.

**Conclusion.**  The United States respectfully requests that the Court vacate its December 6th Oral Order setting an April 11th trial date, as well as order the parties to meet and confer regarding a possible trial schedule and other related aspects of case management and file either a joint CMO or competing CMO submissions no later than Friday, December 10.

                                                Respectfully submitted,

                                                /s/ Brian Hanna