Exhibit A



**U.S. Department of Justice**

Antitrust Division

_Jill Ptacek_
_450 5th Street, NW_
_Washington, DC 20001_
_202-705-5716_

January 5, 2022

Wyoming Sugar Company
300 South First Street
Worland, Wyoming 82401

Re:     _United States v. United States Sugar Corporation et al._, No. 1:21-cv-01644-MN

To whom it may concern:

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff United States is hereby serving Wyoming Sugar Company with the enclosed subpoena for the production of documents in connection with the above-referenced case. The documents requested are identified in Attachment A, attached to the subpoena. Enclosed you will also find specifications for the production of electronically stored information ("ESI Specifications") (Appendix 1) and the Joint Stipulated Protective Order entered by the Court on January 3, 2022, to protect confidential information from improper disclosure (Appendix 2).

Please be advised that all documents called for by the subpoena are due by January 21, 2022. We request that the documents and information produced be stamped with production numbers and any applicable confidentiality designations.

Notwithstanding the request in the subpoena to produce all documents and information to the U.S. Attorney's Office, we would prefer that you please return all documents and information by FedEx or UPS to the following address:

Attn: Jill Ptacek, Trial Attorney
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20001

As a courtesy, we ask that you also provide an identical copy of everything produced to us to the Defendants' counsel, listed below. If you are unable or unwilling to provide Defendants' counsel with an identical copy of the responsive documents, we will provide the Defendants' counsel with a copy of the requested documents within three (3) business days of receiving them.

The Defendants' counsel contact information is as follows:

<u>For Defendant United States Sugar Corporation:</u>

Amanda P. Reeves
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
amanda.reeves@lw.com

Lawrence E. Buterman
Latham & Watkins LLP
271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Elyse M. Greenwald
Latham & Watkins LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
elyse.greenwald@lw.com

<u>For Defendant United Sugars Corporation:</u>

Peter Schwingler
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
peter.schwingler@stinson.com

<u>For Defendants Louis Dreyfus Company LLC and Imperial Sugar Company:</u>

Christine A. Varney
Peter T. Barbur
David R. Marriott
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
cvarney@cravath.com
pbarbur@cravath.com
dmarriott@cravath.com
tcameron@cravath.com

Amanda Wait
Vic Domen
Norton Rose Fulbright LLP
799 9th Street, NW
2001 K Street, NW
Washington, DC 20001
amanda.wait@nortonrosefulbright.com
vic.domen@nortonrosefulbright.com

Darryl Anderson
Norton Rose Fulbright  US LLP
1301 McKinney St Suite 5100
Houston, TX 77010
darryl.anderson@nortonrosefulbright.com

Kelly Farnan
Richard, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington,  Delaware 19801
Farnan@rlf.com


After you have had the opportunity  to review the subpoena and the schedule, contact me at (202) 705-5716 with any questions or concerns. Additionally,  please contact me prior to production  so that we can address any potential  production  problems and provide  more detailed instructions,  as needed.

Sincerely,

/s/

Jill  Ptacek

Enclosures

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| United States of America | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   21-cv-1644 (MN) |
| United States Sugar Corporation, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                 Wyoming Sugar Company
                        300 South First Street, Worland, Wyoming 82401
                        *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: United States Attorney's Office<br>111 South Wolcott Street<br>Casper, WY 82601 | Date and Time:<br><br>01/21/2022 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/05/2021

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jill Ptacek<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

Jill Ptacek, 450 Fifth Street NW, Suite 8000, Washington, DC 20001; jill.ptacek@usdoj.gov; 202-705-5716

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   21-cv-1644 (MN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                          *Server's signature*

                              _____
                                          *Printed name and title*

                              _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Appendix 1

**DEFAULT STANDARD FOR DISCOVERY,**
**INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
**("ESI")**

1. **General Provisions**

a. **Cooperation.**  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

b. **Proportionality.**  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

c. **Preservation of Discoverable Information.**  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

(i)  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

_____

[1]Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

(ii)  Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

    d.  **Privilege.**

(i)  The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii)  With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii)  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv)  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2.  **Initial Discovery Conference.**

    a.  **Timing.**  Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at the initial discovery conference (the "Initial Discovery Conference") pursuant to Fed. R. Civ. P. 26(f), which shall take place before the Fed. R. Civ. P. 16 scheduling conference ("Rule 16 Conference").

2

b. **Content.**  The parties shall discuss the following:

(i)  The issues, claims and defenses asserted in the case that define the scope of discovery.

(ii)  The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper files, email, databases, servers, etc.).

(iii)  Technical information, including the exchange of production formats.

(iv)  The existence and handling of privileged information.

(v)  The categories of ESI that should be preserved.

3. **Initial Disclosures.**  Within 30 days after the Rule 16 Conference, each party shall disclose:

a. **Custodians**.  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

b. **Non-custodial data sources.**[2]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

c. **Notice.**  The parties shall identify any issues relating to:

(i)  Any ESI (by type, date, custodian, electronic system or other criteria)

---

[2]That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

3

that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(ii)  Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(iii)  Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

4.  **Initial Discovery in Patent Litigation.**[3]

a.  Within 30 days after the Rule 16 Conference and for each defendant,[4] the plaintiff shall specifically identify the accused products[5] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

b.  Within 30 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

c.  Within 30 days after receipt of the above, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

_____

[3]As these disclosures are "initial," each party shall be permitted to supplement.

[4]For ease of reference, "defendant" is used to identify the alleged infringer and "plaintiff" to identify the patentee.

[5]For ease of reference, the word "product" encompasses accused methods and systems as well.

d.  Within 30 days after receipt of the above, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

e.  Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

5.  **Specific E-Discovery Issues.**

a.  **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

b.  **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

c.  **Format.**  ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF).  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the

5

original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format:  single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

     d. **Native files.**  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

     e. **Metadata fields.**  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:  Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic

equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

# Appendix 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1644 (MN) |
| | ) | |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | |
| CORPORATION, IMPERIAL SUGAR | ) | |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1) and all applicable District of Delaware Local Rules, ORDERS as follows:

A. **Definitions**

1. "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. "Confidential Information" means the portions of any Investigation Materials or Litigation Materials that contain trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or the portions of any document, transcript, or other materials containing such information that have not been published or otherwise made publicly available.

3.     "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

4.     "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

5.     "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the United States.

6.     "Investigation Materials" means documents, testimony, or other materials that, prior to the filing of this Action, (a) any non-Party Protected Person provided to any Party, either voluntarily or pursuant to compulsory process, relating to the Investigation; (b) any Party provided to any non-Party relating to the Investigation; or (c) any Defendant, or affiliated person or entity, provided to the United States relating to the Investigation.

7.     "Litigation Materials" means documents, testimony, or other materials that, after the filing of this Action, (a) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (b) any Party provides to any non-Party in connection with and during the pendency of this Action; (c) any Defendant provides to the United States in connection with and during the pendency of this Action; or (d) the United States provides to any Defendant in connection with and during the pendency of this Action.

8.     "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding and the professional vendors of such firm(s) that provide litigation support services and to whom disclosure is reasonably necessary for this Action, consistent with ¶ 28(d).

9.     "Party" means the United States or any Defendant in this Action.  "Parties" means collectively the United States and all Defendants in this Action.

10.     "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

11.     "Protected Person" means any Person, including a Party, that has provided Investigation Materials to a Party or that provides Litigation Materials to a Party.

**B.     Designation of Confidential Information in Defendants' Investigation Materials**

12.     Any materials that a Defendant previously provided to the United States during the Investigation that the Defendant designated as Confidential or for which the Defendant requested confidential treatment, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), will be treated as containing Confidential Information, as defined in Paragraph 2 of this Order.

**C.     Designation of Confidential Information in Non-Party Investigation Materials**

13.     On December 15, 2021, the Court ordered that the Parties produce their respective Investigation Materials on an outside counsel only basis no later than December 17, 2021.  Nothing in this Stipulation modifies that Order.

14.     The following procedures govern the process for non-Party Protected Persons to designate as Confidential Information any Investigation Materials, including but not limited to documents or information provided in response to requests under the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14.

15.     Within one business day of the Court's entry of this Order, each Party must send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

16.     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information contained in its Investigation Materials, it may, within 5 business days after receiving a copy of this Order, seek additional protection from the Court for its Confidential Information contained in its Investigation Materials. If a non-Party Protected Person seeks additional protection from the Court during this period, the Investigation Materials for which additional protection has been sought will continue to remain limited to outside counsel only pursuant to Local Rule 26.2 and the Court's December 15, 2021 Order, until the Court has ruled.

17.     Any non-Party Protected Person that produced Investigation Materials during the Investigation will have 10 business days after receiving a copy of this Order to designate as Confidential Information any Investigation Materials, to the extent such information constitutes Confidential Information, as defined in this Order. Such designations constitute a representation to the Court that the non-Party Protected Person (and counsel, if any) believes in good faith that the Investigation Materials so designated constitute Confidential Information. Until the time period for designating Investigation Materials contemplated in this Paragraph 17 has lapsed, only Outside Counsel of Record can view non-Party Investigation Materials.

18.     Any non-Party Protected Person must designate Investigation Materials as Confidential Information by providing written notice by overnight mail or email to the United States and Defendants that includes (a) copies of the Investigation Materials stamped with the

legend "CONFIDENTIAL" or (b) identification of the document(s) and page number(s), or page

and line number for testimony, containing Confidential Information. Counsel for United States

and Defendants to be notified are as follows:

For Plaintiff United States:

John Thornburgh
U.S. Department of Justice
450 Fifth Street NW, Suite 7000
Washington, DC 20530
john.thornburgh@usdoj.gov

Tyler Mazur
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Tyler.Mazur@usdoj.gov

For Defendant United States Sugar Corporation

Amanda P. Reeves
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
amanda.reeves@lw.com

Lawrence E. Buterman
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Elyse M. Greenwald
Latham & Watkins LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
elyse.greenwald@lw.com

For Defendant United Sugars Corporation:

Peter Schwingler
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
peter.schwingler@stinson.com

For Defendants Louis Dreyfus Company LLC and Imperial Sugar Company:

Christine A. Varney
Peter T. Barbur
David R. Marriott
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
cvarney@cravath.com
pbarbur@cravath.com
dmarriott@cravath.com
tcameron@cravath.com

Amanda Wait
Vic Domen
Norton Rose Fulbright US LLP
799 9th Street NW
Washington, DC 20001

Darryl Anderson
Norton Rose Fulbright US LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010

Kelly Farnan
Richard, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

**D.** **Designation by All Protected Persons of Confidential Information in Litigation Materials**

19.     The following procedures govern the process for all Protected Persons to designate

as Confidential Information any Litigation Materials, including but not limited to information

provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 or 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45. Any designation of Confidential Information in Litigation Materials constitutes a representation to the Court that the Protected Person (and counsel, if any) believes in good faith that the Litigation Materials so designated constitute Confidential Information.

20.     Once this Protective Order is entered, whenever discovery is sought from a non-Party in this Action, a copy of this Order must accompany the discovery request or subpoena. Non-Parties must designate any Confidential Information in Litigation Materials that it produces in this Action in the same manner that is set forth in Paragraph 18 of this Order or as otherwise provided by this Order. To the extent a Party sends a discovery request to a non-Party prior to the entry of this Protective Order by the Court, that party must send a copy of this Order to the non-Party within two business days of entry of this Order. For the avoidance of doubt, this Paragraph 20 is not intended to impact or have any effect on the timing for the start of discovery.

21.     <u>Testimony</u>. When a Party questions a deponent about a document or information that has been designated by a non-Party Protected Person as containing Confidential Information, the Party asking the questions must designate as Confidential Information the portion(s) of the transcript relating to that designated document or information. All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 21 calendar days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable). Within 21 calendar days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate

as Confidential Information any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer. To be effective, designations must be provided in writing to the United States's and Defendants' counsel listed in Paragraph 18 of this Order. Any portion(s) of the transcript or deposition exhibit(s) not designated in the manner required by this Paragraph 21 will not be treated as Confidential Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

22.     <u>Hard-Copy Documents and Information</u>. A Protected Person who designates any document that it produces in this Action as containing Confidential Information must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility. If the entire document is not Confidential Information, the Protected Person must stamp or label only the pages that contain Confidential Information.

23.     <u>Electronic Documents and Information</u>. Where a Protected Person produces in this Action documents or information in electronic format, Confidential Information contained in those electronic documents and that information must be designated by the Protected Person for protection under this Order by (a) appending to the file names or designators associated with the electronic document or information an indication of whether the electronic document or information contains Confidential Information, or (b) any other reasonable method for appropriately designating Confidential Information produced in electronic format, including by making designations in reasonably accessible metadata associated with the electronic documents or information. If Confidential Information is produced in electronic format on a disk or other

medium that contains only Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic documents or information are printed for use during a deposition, in a court proceeding, or for provision in printed form to any Person described in Paragraph 28, the Party printing the electronic document or information must affix a "CONFIDENTIAL" label to the printed version and include with the printed version the production number and designation associated with the electronic document or information.

24.     Production of documents or information not designated as Confidential Information will not be deemed a waiver of a future claim of confidentiality concerning such documents or information if they are later designated as Confidential Information. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential Information any Investigation Materials or Litigation Materials previously produced in this Action, it may designate such documents or information by notifying the Parties in writing. The Parties must thereafter treat the Investigation Materials or Litigation Materials as designated Confidential Information under the terms of this Order. However, no prior disclosure of documents or information subsequently designated as Confidential Information will violate this Order.

### E.     Challenges to Designations of Confidential Information

25.     Any Party who objects to any designation of Confidential Information may at any time before the trial of this Action provide a written notice to the Protected Person who made the designation and to all Parties stating with particularity the grounds for the objection. All materials objected to must continue to be treated as Confidential Information pending resolution of the dispute either by agreement between the Protected Person and the objecting Party or by the Court.

26.     If the objecting Party and the Protected Person cannot reach agreement on an objection to a designation of Confidential Information within five business days of the Party's

written notice, the Protected Person may address the dispute to this Court by filing a motion in accordance with District of Delaware Local Rule 7.1.2 within five business days of the Party's written notice. The Protected Person bears the burden of persuading the Court that the material is Confidential Information within the definition set forth in Paragraph 2 of this Order. If the Protected Person fails to move the Court within the time provided by this Paragraph 26, or if the Court finds the designation of Confidential Information to have been inappropriate, the challenged designation is rescinded. The Parties thereafter will not be required to treat the information as Confidential Information under this Order.

27.     This Order does not preclude or prejudice a Protected Person or an objecting Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**F.      Disclosure of Confidential Information**

28.      Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b)  counsel for the United States, including any attorneys, paralegals, other professional personnel (including support and IT staff), and agents or independent contractors retained by the United States to assist in this Action whose functions require access to the information;

(c)  Outside Counsel of Record, including any attorneys, paralegals, and other professional personnel (including support and IT staff) assigned to this Action whose functions require access to the information;

(d)   outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(e)   any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f)   any author, addressee, or recipient of any document or information containing Confidential Information if they previously had lawful access to the document or information;

(g)   any Person whom counsel for the United States or Defendants believes in good faith previously received or had access to the document or information, unless the person indicates that he or she did not receive or have previous access to the document or information;

(h)   any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(i)   outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A.

29.   Counsel for the Party making a disclosure to a Person identified in Paragraph 28, subparagraphs (d), (h), or (i), of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of this Action.

30.     Each Person identified in Paragraph 28 of this Order to whom information designated as Confidential Information is disclosed may not disclose that Confidential Information to any other Person, except as otherwise provided by this Order.

31.     Nothing in this Order:

(a)  will bar or otherwise restrict counsel from rendering legal advice to his or her client with respect to this matter or generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Information;

(b)  limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(c)  prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as confidential;

(d)  prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in post-complaint discovery in this Action; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order; or

(e)  prevents the United States's retention, use, or disclosure of Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action.

32.     In the event of a disclosure of any Confidential Information to any Person not authorized to receive disclosure under this Order, the Party responsible for having made the

disclosure must promptly notify the Protected Person whose material has been disclosed and provide to that Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure that no further or greater unauthorized disclosure or use of the material is made. Unauthorized disclosure of Confidential Information will not change the confidential status of the disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

33. <u>Other Proceedings.</u> By entering this Order and limiting the disclosure of Confidential Information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Protected Person or Party subject to this Order who becomes subject to a motion to disclose a Protected Person's Confidential Information pursuant to this Order must promptly notify that Protected Person of the motion so that the Protected Person may have an opportunity to appear and be heard on whether that information should be disclosed.

**G. <u>Use of Information Designated Confidential in This Action</u>**

34. Except as provided in Paragraph 31 of this Order, all Confidential Information produced by a Party or a non-Party Protected Person as part of this proceeding may be used solely for the conduct of this Action and may not be used for any business, commercial, competitive, personal, or other purpose.

35. <u>Court Filings</u>. If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must seek a Court order to file such Confidential Information under seal, in accordance with Local Rule 5.1.3. A request for the Court to allow filing

under seal must include the proposed redactions. If this Court grants leave to file a document under seal, the filing Party must file with the Clerk of this Court a redacted version of the filing. Nothing in this Order will restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

36.     <u>Trial Exhibits</u>. If a Party includes trial exhibits on its exhibit list that contain or discuss information that it has been designated as Confidential Information, at the time exhibit lists are exchanged, the Party must also provide redacted versions of those exhibits. At the time that the Parties exchange objections to trial exhibits, each Party must also (a) provide redacted versions of any exhibits on the opposing Party's exhibit list that contain information that the Party previously designated as Confidential Information and (b) exchange objections to the redacted trial exhibits that were provided with the exhibit lists. Consistent with dates set forth in the Case Management Order, after exchanging redacted versions of the opposing Party's trial exhibits, the Parties must exchange objections to those redactions.

37.     <u>Trial.</u> Disclosure at trial of documents and information designated as Confidential Information will be governed pursuant to a separate Court order. The Parties will meet and confer as set forth in the Case Management Order and submit a recommended order outlining those procedures. Absent a ruling by the Court to the contrary, documents, deposition testimony, or other materials or information that have been designated as containing Confidential Information by a Protected Person that appear on a Party's exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information likewise will be disclosed on the public record, after compliance with procedures that will be established by the Court.

### H.  Procedures Upon Termination of This Action

38.     The obligations imposed by this Order will survive the termination of this Action unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

39.     Except as provided in Paragraph 31 of this Order, within 90 calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential Information must make a good faith effort to (a) return that material and all copies to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph 39. Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Information except pursuant to Court order or an agreement with the Protected Person that produced the Confidential Information or as otherwise permitted by this Order.

### I.  Right to Seek Modification

40.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking further or additional protections for any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or are not admissible evidence in this Action or in any other proceeding.  Further, nothing in this Order limits the right of any Party or Protected Person from seeking relief from the Court to modify this Order.

### J.    **The Privacy Act**

41.    Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

### K.    **Persons Bound by This Order**

42.    This Order is binding on the Parties to this Action, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

**AGREED TO:**

| | |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE DISTRICT OF DELAWARE | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Shamoor Anis* | */s/ Jack B. Blumenfeld* |
| Laura D. Hatcher (#5098) | Jack B. Blumenfeld (#1014) |
|    Chief, Civil Division | Brian P. Egan (#6227) |
| Shamoor Anis | 1201 North Market Street |
| 1313 North Market Street, Suite 400 | P.O. Box 1347 |
| Wilmington, DE  19801 | Wilmington, DE  19899 |
| (302) 573-6205 | (302) 658-9200 |
| laura.hatcher@usdoj.gov | jblumenfeld@morrisnichols.com |
| shamoor.anis@usdoj.gov | began@morrisnichols.com |
| *Attorneys for Plaintiff United States of America* | *Attorneys for Defendant United States Sugar Corporation* |

HOGAN MCDANIEL

/s/ Daniel K. Hogan
_____

Daniel K. Hogan (#2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dkhogan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars
Corporation*

December 23, 2021

RICHARDS, LAYTON & FINGER, P.A.

/s/ Kelly E. Farnan
_____

Kelly E. Farnan (#4395)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC*

SO ORDERED this 3rd day of January 2022.

_____
The Honorable Maryellen Noreika
United States District Judge

17

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1644 (MN) |
| | ) | |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | |
| CORPORATION, IMPERIAL SUGAR | ) | |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.    I submit to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

 

_____

SIGNATURE

 

_____

DATE

## ATTACHMENT A

## SPECIFICATIONS

Submit:

1.    All documents relating to the Proposed Transaction.

2.    All short or long-term strategic business plans relating to the purchase, acquisition, production, handling, packaging, pricing, or sale of sugar in the United States, including, but not limited to, all plans relating to the expansion or reduction of the amount of sugar beets or sugar cane grown or processed, changes in marketing allotments, changes in production capacity, changes in the types of products offered, or factors that might affect the Company's current competitive position.

3.    All documents relating to competition to provide or sell Raw Sugar or Refined Sugar to customers located in the United States.

4.    All communications between senior management of the Company and any representative of the U.S. Department of Agriculture, the U.S. Department of Commerce, or the U.S Customs and Border Protection, relating to (i) sugar, (ii) the production of sugar beets or sugarcane, (iii) the Proposed Transaction, or (iv) competition or competitive conditions in the sugar industry.

5.    For each facility the Company uses to produce or further process Raw Sugar or Refined Sugar for sale to customers in the United States, produce documents sufficient to show:

      a.   its owner;

      b.   its address;

      c.   the date it began operation;

      d.   the current estimated replacement cost and time necessary to replace it;

e.   the number of production lines of the facility and type of packages that can be produced at the facility;

f.   the types of Refined Sugar produced at the facility (e.g., granulated, brown, powdered, liquid);

g.   for both production capacity and packaging capacity, the current nameplate and practical capacity, and the monthly capacity utilization rate for production of Raw Sugar and for each Refined Sugar product manufactured at the facility;

h.   any production processes that limit the facility's maximum capacity for production of Raw Sugar or Refined Sugar;

i.   amount of storage capacity;

j.   whether the facility has rail access;

k.   if owned by the Company, whether the facility is used to transfer or process Raw Sugar or Refined Sugar for third parties; and

l.   any co-packing or tolling agreements relating to the facility to which the Company is a party.

6.   From January 1, 2016 to present, data showing monthly sales, fixed costs, variable costs, and the profit margins for Raw Sugar and Refined Sugar sold in the United States at the most granular level of disaggregation available.

## DEFINITIONS

The terms defined below and used in each of the requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

1. The term "**the Company**" means the entity to which this Subpoena is issued, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between the Company and any other person.

2. The term "**Collaborative Work Environment**" means a platform used to create, edit, review, approve, store, organize, share, and access documents and information by and among authorized users, potentially in diverse locations and with different devices. Even when based on a common technology platform, Collaborative Work Environments are often configured as separate and closed environments, each one of which is open to a select group of users with layered access control rules (reader vs. author vs. editor). Collaborative Work Environments include Microsoft SharePoint sites, eRooms, document management systems (e.g., iManage), intranets, web content management systems ("CMS") (e.g., Drupal), wikis, and blogs.

3. The term "**Data Dictionary**" means documentation of the organization and structure of the databases or data sets that is sufficient to allow their reasonable use by the Department, including, for each table of information: (a) the name of the table; (b) a

3

general description of the information contained; (c) the size in both number of records
and megabytes; (d) a list of fields; (e) the format, including variable type and length, of
each field; (f) a definition for each field as it used by the Company, including the
meanings of all codes that can appear as field values; (g) the fields that are primary keys
for the purpose of identifying a unique observation; (h) the fields that are foreign keys for
the purpose of joining tables; and (i) an indication of which fields are populated.

4.      The term "**documents**" means all written, printed, or electronically stored information
("ESI") of any kind in the possession, custody, or control of the Company, including
information stored on social media accounts like Twitter or Facebook, chats, instant
messages, text messages, other Messaging Applications, and documents contained in
Collaborative Work Environments and other document databases. "Documents" includes
metadata, formulas, and other embedded, hidden, and bibliographic or historical data
describing or relating to any document. Unless otherwise specified, "documents"
excludes bills of lading, invoices in non-electronic form, purchase orders, customs
declarations, and other similar documents of a purely transactional nature; architectural
plans and engineering blueprints; and documents solely relating to environmental, tax,
human resources, OSHA, or ERISA issues.

5.      The term "**Messaging Application**" refers to any electronic method used by the
Company and its employees to communicate with each other or entities outside the
Company for business purposes. "Messaging Application" includes platforms for email,
chats, instant messages, text messages, and other methods of group and individual
communication (e.g., Microsoft Teams, Slack). "Messaging Application" may overlap
with "Collaborative Work Environment."

6.      The term "**person**" includes the Company and means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust.

7.      The term "**plans**" includes proposals, recommendations, or considerations, whether finalized or adopted.

8.      The term "**Proposed Transaction**" means the acquisition by Ibis Acquisition, LLC, a wholly owned subsidiary of United States Sugar Corporation, of Imperial Sugar Company and other assets owned by Akira Holding Foundation, for $315 million pursuant to an asset purchase agreement executed on March 24, 2021.

9.      The term "**Raw Sugar**" means any sugar not suitable for human consumption without further refining, regardless of polarity.

10.     The term "**Refined Sugar**" means food-grade sugar that is produced by refining either sugar beets or raw cane sugar.

11.     The term "**sales**" means net sales, i.e., total sales after deducting discounts, returns, allowances, and excise taxes. "Sales" includes sales of a relevant product whether manufactured by the Company itself or purchased from sources outside the Company and resold by the Company.

## INSTRUCTIONS

A.      In addition to the specific instructions set forth below, these requests incorporate the instructions set forth in Fed. R. Civ. P. 45 and the Local Rules of the District of Delaware.

B.      Documents already produced by the Company to the United States in response to civil investigative demands issued to the Company by the United States before the filing of this Action during the Investigation of the Proposed Transaction need not

be reproduced in response to these requests unless required to comply with any protocols concerning electronically stored information agreed to by the Parties or ordered by the Court.

C.   Unless indicated separately in the request, these requests require the Company to produce all responsive documents and data in the Company's possession, custody, or control that were created, received or in effect from January 1, 2018, to the present, and are continuing in nature. Produce responsive documents and data as follows:

1.   Pursuant to Fed. R. Civ. P. 45(e)(1)(A) documents must be produced either (1) as found in the Company's files in the ordinary course of business (e.g., documents that in their original condition were stapled, clipped, or otherwise fastened together, or maintained in separate file folders, shall be produced in such form), or (2) segregated as responsive to a specific request enumerated in these requests, with such specific request identified.

2.   Produce hard copy documents in hard copy form. You may submit photocopies (with color copies where necessary to interpret the document) in lieu of original documents, provided that the copies are true, accurate, and complete copies of the originals.

3.   Any responsive document that has been altered, including by the addition of marginal notes, handwritten notes, underlining, date stamps, received stamps, or endorsed or filed stamps, and any draft, revision, modification, or other revision of a responsive document, is a responsive document in its own right and must be produced.

6

4.      If any portion of any document is responsive to any request, then the entire document must be produced, including all attachments and enclosures.

5.      Unless otherwise requested by Plaintiff, electronic documents (e.g., email) and data shall be produced in electronic form only. All metadata of electronic documents must also be produced. Electronic documents and data shall be produced in the form of production specified in Appendix 1.

6.      Data produced in response to any Specification must be produced in an electronically sortable and searchable format (e.g. Excel or delimited text) and include a Data Dictionary applicable to data produced. The data must be produced either (1) as found in the Company's files in the ordinary course of business, or (2) segregated as responsive to a specific request enumerated in these requests, with such specific request identified.

7.      Number consecutively all documents that you produce, with a prefix identifying the name of the producing party. For each document that you produce, indicate the Person from whose custody you produced the document.

D.      If you are unable to respond fully to any document request, or if you object in part to any document request, produce documents responsive to the remaining part of the request.

E.      If no documents exist that are responsive to a particular request, state in writing that no responsive documents exist for such request.

F.      If any document is withheld on an objection to any request, all documents covered by that request not subject to the objection should be produced.

G.      If you withhold any document or part of any document on the basis of privilege, please

provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A).  You may omit from the privilege log:  documents sent solely between counsel for the Company, including in-house counsel acting solely in a legal capacity, and documents authored by the Company's outside counsel that were not directly or indirectly furnished to any third party, such as internal law firm memoranda (if a privilege is applicable to such materials), unless such attachments are addressed and sent solely to counsel.

H.   Any document that you deem to be Confidential as defined in the Parties' Joint Proposed Stipulated Protective Order filed with the Court in this Action must be produced in accordance with the terms of that Order, enclosed at Appendix 2.

I.   Any questions you have relating to the scope or meaning of these document requests or suggestions for possible modifications to them should be directed to Jill Ptacek, Trial Attorney, United States Department of Justice, Antitrust Division, 450 Fifth Street, NW, Suite 8000 Washington, DC 20530; phone: 202-705-5716; email: jill.ptacek@usdoj.gov.



**U.S. Department of Justice**

Antitrust Division

*Jill Ptacek*
*450 5ʰ Street, NW*
*Washington, DC 20001*
*202-705-5716*

January 5, 2022

Minn-Dak Farmers Cooperative
7525 Red River Road
Wahpeton, ND 58075

Re:     *United States v. United States Sugar Corporation et al.*, No. 1:21-cv-01644-MN

To whom it may concern:

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff United States is hereby serving Minn-Dak Farmers Cooperative with the enclosed subpoena for the production of documents in connection with the above-referenced case. The documents requested are identified in Attachment A, attached to the subpoena. Enclosed you will also find specifications for the production of electronically stored information ("ESI Specifications") (Appendix 1) and the Joint Stipulated Protective Order entered by the Court on January 3, 2022, to protect confidential information from improper disclosure (Appendix 2).

Please be advised that all documents called for by the subpoena are due by January 21, 2022. We request that the documents and information produced be stamped with production numbers and any applicable confidentiality designations.

Notwithstanding the request in the subpoena to produce all documents and information to the U.S. Attorney's Office, we would prefer that you please return all documents and information by FedEx or UPS to the following address:

Attn: Jill Ptacek, Trial Attorney
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 8000
Washington, DC 20001

As a courtesy, we ask that you also provide an identical copy of everything produced to us to the Defendants' counsel, listed below. If you are unable or unwilling to provide Defendants' counsel with an identical copy of the responsive documents, we will provide the Defendants' counsel with a copy of the requested documents within three (3) business days of receiving them.

The Defendants' counsel contact information is as follows:

For Defendant United States Sugar Corporation:

Amanda P. Reeves
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
amanda.reeves@lw.com

Lawrence E. Buterman
Latham & Watkins LLP
271 Avenue of the Americas
New York, NY 10020
lawrence.buterman@lw.com

Elyse M. Greenwald
Latham & Watkins LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
elyse.greenwald@lw.com

For Defendant United Sugars Corporation:

Peter Schwingler
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
peter.schwingler@stinson.com

For Defendants Louis Dreyfus Company LLC and Imperial Sugar Company:

Christine A. Varney
Peter T. Barbur
David R. Marriott
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
cvarney@cravath.com
pbarbur@cravath.com
dmarriott@cravath.com
tcameron@cravath.com

Amanda Wait
Vic Domen
Norton Rose Fulbright LLP
799 9th Street, NW
2001 K Street, NW
Washington, DC 20001
amanda.wait@nortonrosefulbright.com
vic.domen@nortonrosefulbright.com

Darryl Anderson
Norton Rose Fulbright  US LLP
1301 McKinney St Suite 5100
Houston, TX 77010
darryl.anderson@nortonrosefulbright.com

Kelly Farnan
Richard, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington,  Delaware 19801
Farnan@rlf.com

     After you have had the opportunity  to review the subpoena and the schedule, contact me at (202) 705-5716 with any questions or concerns. Additionally,  please contact me prior to production  so that we can address any potential  production  problems and provide  more detailed instructions,  as needed.

                                Sincerely,

                                /s/

                                Jill  Ptacek

Enclosures

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21-cv-1644 (MN) |
| United States Sugar Corporation, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Minn-Dak Farmers Cooperative
7525 Red River Road, Wahpeton, ND 58075

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Attachment A.

| Place: United States Attorney's Office<br>Court 655 First Avenue<br>North Fargo, ND 58102 | Date and Time:<br><br>01/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/05/2022

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Jill Ptacek
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America , who issues or requests this subpoena, are:

Jill Ptacek, 450 Fifth Street NW, Suite 8000, Washington, DC 20001; jill.ptacek@usdoj.gov; 202-705-5716

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  21-cv-1644 (MN)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                      *Server's signature*

                                                      _____
                                                                      *Printed name and title*

                                                      _____
                                                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Appendix 1

**DEFAULT STANDARD FOR DISCOVERY,**
**INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**
**("ESI")**

1. **General Provisions**

    a. **Cooperation.**  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

    b. **Proportionality.**  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    c. **Preservation of Discoverable Information.**  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

        (i)  Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

---

[1]Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

(ii)  Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

d. **Privilege.**

(i)  The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii)  With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii)  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv)  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.  Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within 30 days of inadvertent production.

2. **Initial Discovery Conference.**

a. **Timing.**  Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at the initial discovery conference (the "Initial Discovery Conference") pursuant to Fed. R. Civ. P. 26(f), which shall take place before the Fed. R. Civ. P. 16 scheduling conference ("Rule 16 Conference").

2

b. **Content.**  The parties shall discuss the following:

(i)  The issues, claims and defenses asserted in the case that define the scope of discovery.

(ii)  The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper files, email, databases, servers, etc.).

(iii)  Technical information, including the exchange of production formats.

(iv)  The existence and handling of privileged information.

(v)  The categories of ESI that should be preserved.

3. **Initial Disclosures.**  Within 30 days after the Rule 16 Conference, each party shall disclose:

a. **Custodians**.  The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

b. **Non-custodial data sources.**[2]  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

c. **Notice.**  The parties shall identify any issues relating to:

(i)  Any ESI (by type, date, custodian, electronic system or other criteria)

---

[2]That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (e.g., enterprise system or database).

3

that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(ii)  Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(iii)  Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

4.  **Initial Discovery in Patent Litigation.**[3]

a.  Within 30 days after the Rule 16 Conference and for each defendant,[4] the plaintiff shall specifically identify the accused products[5] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

b.  Within 30 days after receipt of the above, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

c.  Within 30 days after receipt of the above, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

---

[3]As these disclosures are "initial," each party shall be permitted to supplement.

[4]For ease of reference, "defendant" is used to identify the alleged infringer and "plaintiff" to identify the patentee.

[5]For ease of reference, the word "product" encompasses accused methods and systems as well.

d.  Within 30 days after receipt of the above, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

e.  Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

5.  **Specific E-Discovery Issues.**

a.  **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

b.  **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

c.  **Format.**  ESI and non-ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF).  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the

5

original formatting, the metadata (as noted below) and, where applicable, the revision history.  The parties shall produce their information in the following format:  single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

d. **Native files.**  The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

e. **Metadata fields.**  The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists:  Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic

equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

# Appendix 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1644 (MN) |
| | ) | |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | |
| CORPORATION, IMPERIAL SUGAR | ) | |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

In the interests of (1) ensuring efficient and prompt resolution of this Action; (2) facilitating discovery by the Parties litigating this Action; and (3) protecting Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1) and all applicable District of Delaware Local Rules, ORDERS as follows:

**A.**     **Definitions**

1.     "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.     "Confidential Information" means the portions of any Investigation Materials or Litigation Materials that contain trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or the portions of any document, transcript, or other materials containing such information that have not been published or otherwise made publicly available.

3. "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

4. "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

5. "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the United States.

6. "Investigation Materials" means documents, testimony, or other materials that, prior to the filing of this Action, (a) any non-Party Protected Person provided to any Party, either voluntarily or pursuant to compulsory process, relating to the Investigation; (b) any Party provided to any non-Party relating to the Investigation; or (c) any Defendant, or affiliated person or entity, provided to the United States relating to the Investigation.

7. "Litigation Materials" means documents, testimony, or other materials that, after the filing of this Action, (a) any non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of this Action; (b) any Party provides to any non-Party in connection with and during the pendency of this Action; (c) any Defendant provides to the United States in connection with and during the pendency of this Action; or (d) the United States provides to any Defendant in connection with and during the pendency of this Action.

8. "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding and the professional vendors of such firm(s) that provide litigation support services and to whom disclosure is reasonably necessary for this Action, consistent with ¶ 28(d).

9.     "Party" means the United States or any Defendant in this Action.  "Parties" means collectively the United States and all Defendants in this Action.

10.    "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

11.    "Protected Person" means any Person, including a Party, that has provided Investigation Materials to a Party or that provides Litigation Materials to a Party.

### B.     Designation of Confidential Information in Defendants' Investigation Materials

12.    Any materials that a Defendant previously provided to the United States during the Investigation that the Defendant designated as Confidential or for which the Defendant requested confidential treatment, including but not limited to testimony, documents, electronic documents and data, and materials produced pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), will be treated as containing Confidential Information, as defined in Paragraph 2 of this Order.

### C.     Designation of Confidential Information in Non-Party Investigation Materials

13.    On December 15, 2021, the Court ordered that the Parties produce their respective Investigation Materials on an outside counsel only basis no later than December 17, 2021.  Nothing in this Stipulation modifies that Order.

14.    The following procedures govern the process for non-Party Protected Persons to designate as Confidential Information any Investigation Materials, including but not limited to documents or information provided in response to requests under the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14.

15.     Within one business day of the Court's entry of this Order, each Party must send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

16.     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information contained in its Investigation Materials, it may, within 5 business days after receiving a copy of this Order, seek additional protection from the Court for its Confidential Information contained in its Investigation Materials. If a non-Party Protected Person seeks additional protection from the Court during this period, the Investigation Materials for which additional protection has been sought will continue to remain limited to outside counsel only pursuant to Local Rule 26.2 and the Court's December 15, 2021 Order, until the Court has ruled.

17.     Any non-Party Protected Person that produced Investigation Materials during the Investigation will have 10 business days after receiving a copy of this Order to designate as Confidential Information any Investigation Materials, to the extent such information constitutes Confidential Information, as defined in this Order. Such designations constitute a representation to the Court that the non-Party Protected Person (and counsel, if any) believes in good faith that the Investigation Materials so designated constitute Confidential Information. Until the time period for designating Investigation Materials contemplated in this Paragraph 17 has lapsed, only Outside Counsel of Record can view non-Party Investigation Materials.

18.     Any non-Party Protected Person must designate Investigation Materials as Confidential Information by providing written notice by overnight mail or email to the United States and Defendants that includes (a) copies of the Investigation Materials stamped with the

legend "CONFIDENTIAL" or (b) identification of the document(s) and page number(s), or page

and line number for testimony, containing Confidential Information. Counsel for United States

and Defendants to be notified are as follows:

> For Plaintiff United States:
>
> John Thornburgh
> U.S. Department of Justice
> 450 Fifth Street NW, Suite 7000
> Washington, DC 20530
> john.thornburgh@usdoj.gov
>
> Tyler Mazur
> U.S. Department of Justice
> 450 Fifth Street NW
> Washington, DC 20530
> Tyler.Mazur@usdoj.gov
>
> For Defendant United States Sugar Corporation
>
> Amanda P. Reeves
> Latham & Watkins LLP
> 555 Eleventh Street, NW, Suite 1000
> Washington, DC 20004
> amanda.reeves@lw.com
>
> Lawrence E. Buterman
> Latham & Watkins LLP
> 1271 Avenue of the Americas
> New York, NY 10020
> lawrence.buterman@lw.com
>
> Elyse M. Greenwald
> Latham & Watkins LLP
> 10250 Constellation Boulevard, Suite 1100
> Los Angeles, CA 90067
> elyse.greenwald@lw.com

For Defendant United Sugars Corporation:

Peter Schwingler
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
peter.schwingler@stinson.com

For Defendants Louis Dreyfus Company LLC and Imperial Sugar Company:

Christine A. Varney
Peter T. Barbur
David R. Marriott
Timothy G. Cameron
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
cvarney@cravath.com
pbarbur@cravath.com
dmarriott@cravath.com
tcameron@cravath.com

Amanda Wait
Vic Domen
Norton Rose Fulbright US LLP
799 9th Street NW
Washington, DC 20001

Darryl Anderson
Norton Rose Fulbright US LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010

Kelly Farnan
Richard, Layton & Finger P.A.
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801

D.    **Designation by All Protected Persons of Confidential Information in
Litigation Materials**

19.    The following procedures govern the process for all Protected Persons to designate

as Confidential Information any Litigation Materials, including but not limited to information

6

provided in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 or 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45. Any designation of Confidential Information in Litigation Materials constitutes a representation to the Court that the Protected Person (and counsel, if any) believes in good faith that the Litigation Materials so designated constitute Confidential Information.

20.     Once this Protective Order is entered, whenever discovery is sought from a non-Party in this Action, a copy of this Order must accompany the discovery request or subpoena. Non-Parties must designate any Confidential Information in Litigation Materials that it produces in this Action in the same manner that is set forth in Paragraph 18 of this Order or as otherwise provided by this Order. To the extent a Party sends a discovery request to a non-Party prior to the entry of this Protective Order by the Court, that party must send a copy of this Order to the non-Party within two business days of entry of this Order. For the avoidance of doubt, this Paragraph 20 is not intended to impact or have any effect on the timing for the start of discovery.

21.     <u>Testimony</u>. When a Party questions a deponent about a document or information that has been designated by a non-Party Protected Person as containing Confidential Information, the Party asking the questions must designate as Confidential Information the portion(s) of the transcript relating to that designated document or information. All transcripts of depositions taken in this Action after entry of this Order will be treated as Confidential Information in their entirety for 21 calendar days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition must provide the final transcript to the deponent (or the deponent's counsel, if applicable). Within 21 calendar days following receipt of the final transcript, the deponent (or the deponent's counsel, if applicable) may designate

7

as Confidential Information any portion(s) of the deposition transcript, by page(s) and line(s), and any deposition exhibits, or portion(s) of any exhibit(s), that were produced by the deponent or the deponent's employer. To be effective, designations must be provided in writing to the United States's and Defendants' counsel listed in Paragraph 18 of this Order. Any portion(s) of the transcript or deposition exhibit(s) not designated in the manner required by this Paragraph 21 will not be treated as Confidential Information, even if the document(s) that become the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

22.     <u>Hard-Copy Documents and Information</u>. A Protected Person who designates any document that it produces in this Action as containing Confidential Information must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility. If the entire document is not Confidential Information, the Protected Person must stamp or label only the pages that contain Confidential Information.

23.     <u>Electronic Documents and Information</u>. Where a Protected Person produces in this Action documents or information in electronic format, Confidential Information contained in those electronic documents and that information must be designated by the Protected Person for protection under this Order by (a) appending to the file names or designators associated with the electronic document or information an indication of whether the electronic document or information contains Confidential Information, or (b) any other reasonable method for appropriately designating Confidential Information produced in electronic format, including by making designations in reasonably accessible metadata associated with the electronic documents or information. If Confidential Information is produced in electronic format on a disk or other

8

medium that contains only Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic documents or information are printed for use during a deposition, in a court proceeding, or for provision in printed form to any Person described in Paragraph 28, the Party printing the electronic document or information must affix a "CONFIDENTIAL" label to the printed version and include with the printed version the production number and designation associated with the electronic document or information.

24.     Production of documents or information not designated as Confidential Information will not be deemed a waiver of a future claim of confidentiality concerning such documents or information if they are later designated as Confidential Information. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential Information any Investigation Materials or Litigation Materials previously produced in this Action, it may designate such documents or information by notifying the Parties in writing. The Parties must thereafter treat the Investigation Materials or Litigation Materials as designated Confidential Information under the terms of this Order. However, no prior disclosure of documents or information subsequently designated as Confidential Information will violate this Order.

### E.     Challenges to Designations of Confidential Information

25.     Any Party who objects to any designation of Confidential Information may at any time before the trial of this Action provide a written notice to the Protected Person who made the designation and to all Parties stating with particularity the grounds for the objection. All materials objected to must continue to be treated as Confidential Information pending resolution of the dispute either by agreement between the Protected Person and the objecting Party or by the Court.

26.     If the objecting Party and the Protected Person cannot reach agreement on an objection to a designation of Confidential Information within five business days of the Party's

written notice, the Protected Person may address the dispute to this Court by filing a motion in

accordance with District of Delaware Local Rule 7.1.2 within five business days of the Party's

written notice. The Protected Person bears the burden of persuading the Court that the material is

Confidential Information within the definition set forth in Paragraph 2 of this Order. If the

Protected Person fails to move the Court within the time provided by this Paragraph 26, or if the

Court finds the designation of Confidential Information to have been inappropriate, the challenged

designation is rescinded. The Parties thereafter will not be required to treat the information as

Confidential Information under this Order.

27.     This Order does not preclude or prejudice a Protected Person or an objecting Party

from arguing for or against any confidentiality designation, establish any presumption that a

particular confidentiality designation is valid, or alter the burden of proof that would otherwise

apply in a dispute over discovery or disclosure of information.

**F.     Disclosure of Confidential Information**

28.      Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks,

court reporters, and stenographic or clerical personnel;

(b)   counsel for the United States, including any attorneys, paralegals, other

professional personnel (including support and IT staff), and agents or independent contractors

retained by the United States to assist in this Action whose functions require access to the

information;

(c)   Outside Counsel of Record, including any attorneys, paralegals, and other

professional personnel (including support and IT staff) assigned to this Action whose functions

require access to the information;

(d)   outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A;

(e)   any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f)   any author, addressee, or recipient of any document or information containing Confidential Information if they previously had lawful access to the document or information;

(g)   any Person whom counsel for the United States or Defendants believes in good faith previously received or had access to the document or information, unless the person indicates that he or she did not receive or have previous access to the document or information;

(h)   any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A; and

(i)   outside trial consultants (including, but not limited to, graphics consultants) retained by a Party to assist that Party in this Action, provided that they first execute an Agreement Concerning Confidentiality in the form attached in Appendix A.

29.   Counsel for the Party making a disclosure to a Person identified in Paragraph 28, subparagraphs (d), (h), or (i), of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached in Appendix A for a period of at least one year following the final resolution of this Action.

30.     Each Person identified in Paragraph 28 of this Order to whom information designated as Confidential Information is disclosed may not disclose that Confidential Information to any other Person, except as otherwise provided by this Order.

31.     Nothing in this Order:

(a)  will bar or otherwise restrict counsel from rendering legal advice to his or her client with respect to this matter or generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Information;

(b)  limits a Protected Person's use or disclosure of its own information designated as Confidential Information;

(c)  prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as confidential;

(d)  prevents disclosure by a Party of Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in post-complaint discovery in this Action; (iii) previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order; or

(e)  prevents the United States's retention, use, or disclosure of Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action.

32.     In the event of a disclosure of any Confidential Information to any Person not authorized to receive disclosure under this Order, the Party responsible for having made the

disclosure must promptly notify the Protected Person whose material has been disclosed and provide to that Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure that no further or greater unauthorized disclosure or use of the material is made. Unauthorized disclosure of Confidential Information will not change the confidential status of the disclosed material or waive the right to maintain the disclosed material as containing Confidential Information.

33. Other Proceedings. By entering this Order and limiting the disclosure of Confidential Information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any Protected Person or Party subject to this Order who becomes subject to a motion to disclose a Protected Person's Confidential Information pursuant to this Order must promptly notify that Protected Person of the motion so that the Protected Person may have an opportunity to appear and be heard on whether that information should be disclosed.

**G. Use of Information Designated Confidential in This Action**

34. Except as provided in Paragraph 31 of this Order, all Confidential Information produced by a Party or a non-Party Protected Person as part of this proceeding may be used solely for the conduct of this Action and may not be used for any business, commercial, competitive, personal, or other purpose.

35. Court Filings. If any documents, testimony, or other materials designated under this Order as Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must seek a Court order to file such Confidential Information under seal, in accordance with Local Rule 5.1.3. A request for the Court to allow filing

under seal must include the proposed redactions. If this Court grants leave to file a document under seal, the filing Party must file with the Clerk of this Court a redacted version of the filing. Nothing in this Order will restrict the Parties or any interested member of the public from challenging the filing of any Confidential Information under seal.

36.    <u>Trial Exhibits</u>. If a Party includes trial exhibits on its exhibit list that contain or discuss information that it has been designated as Confidential Information, at the time exhibit lists are exchanged, the Party must also provide redacted versions of those exhibits. At the time that the Parties exchange objections to trial exhibits, each Party must also (a) provide redacted versions of any exhibits on the opposing Party's exhibit list that contain information that the Party previously designated as Confidential Information and (b) exchange objections to the redacted trial exhibits that were provided with the exhibit lists. Consistent with dates set forth in the Case Management Order, after exchanging redacted versions of the opposing Party's trial exhibits, the Parties must exchange objections to those redactions.

37.    <u>Trial.</u> Disclosure at trial of documents and information designated as Confidential Information will be governed pursuant to a separate Court order. The Parties will meet and confer as set forth in the Case Management Order and submit a recommended order outlining those procedures. Absent a ruling by the Court to the contrary, documents, deposition testimony, or other materials or information that have been designated as containing Confidential Information by a Protected Person that appear on a Party's exhibit list or in deposition designations, and that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information likewise will be disclosed on the public record, after compliance with procedures that will be established by the Court.

## H.   Procedures Upon Termination of This Action

38.   The obligations imposed by this Order will survive the termination of this Action unless the Court, which will retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise.

39.   Except as provided in Paragraph 31 of this Order, within 90 calendar days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received information designated as Confidential Information must make a good faith effort to (a) return that material and all copies to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it or (b) destroy or delete all such Confidential Information. All Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Paragraph 39. Counsel for the Parties will be entitled to retain court papers; deposition, hearing, and trial transcripts; trial exhibits; and work product, provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Information except pursuant to Court order or an agreement with the Protected Person that produced the Confidential Information or as otherwise permitted by this Order.

## I.   Right to Seek Modification

40.   Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking further or additional protections for any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or are not admissible evidence in this Action or in any other proceeding.  Further, nothing in this Order limits the right of any Party or Protected Person from seeking relief from the Court to modify this Order.

### J.    The Privacy Act

41.    Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

### K.    Persons Bound by This Order

42.    This Order is binding on the Parties to this Action, and their attorneys, successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have control.

**AGREED TO:**

| | |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE DISTRICT OF DELAWARE | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Shamoor Anis* | */s/ Jack B. Blumenfeld* |
| Laura D. Hatcher (#5098)   Chief, Civil Division Shamoor Anis 1313 North Market Street, Suite 400 Wilmington, DE  19801 (302) 573-6205 laura.hatcher@usdoj.gov shamoor.anis@usdoj.gov | Jack B. Blumenfeld (#1014) Brian P. Egan (#6227) 1201 North Market Street P.O. Box 1347 Wilmington, DE  19899 (302) 658-9200 jblumenfeld@morrisnichols.com began@morrisnichols.com |
| *Attorneys for Plaintiff United States of America* | *Attorneys for Defendant United States Sugar Corporation* |

HOGAN MCDANIEL

*/s/ Daniel K. Hogan*
_____
Daniel K. Hogan (#2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dkhogan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars*
*Corporation*

December 23, 2021

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*
_____
Kelly E. Farnan (#4395)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar*
*Company and Louis Dreyfus Company LLC*


SO ORDERED this 3rd day of January 2022.


_____
The Honorable Maryellen Noreika
United States District Judge


17

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1644 (MN) |
| | ) | |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | |
| CORPORATION, IMPERIAL SUGAR | ) | |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action, and understand its terms.

2.      I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.      I submit to the jurisdiction of the United States District Court for the District of Delaware solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE

## ATTACHMENT A

## SPECIFICATIONS

Submit:

1.      All documents relating to the Proposed Transaction.

2.      All short or long-term strategic business plans relating to the purchase, acquisition, production, handling, packaging, pricing, or sale of sugar in the United States, including, but not limited to, all plans relating to the expansion or reduction of the amount of sugar beets or sugar cane grown or processed, changes in marketing allotments, changes in production capacity, changes in the types of products offered, or factors that might affect the Company's current competitive position.

3.      All documents relating to competition to provide or sell Raw Sugar or Refined Sugar to customers located in the United States.

4.      All communications between senior management of the Company and any representative of the U.S. Department of Agriculture, the U.S. Department of Commerce, or the U.S Customs and Border Protection, relating to (i) sugar, (ii) the production of sugar beets or sugarcane, (iii) the Proposed Transaction, or (iv) competition or competitive conditions in the sugar industry.

5.      For each facility the Company uses to produce or further process Raw Sugar or Refined Sugar for sale to customers in the United States, produce documents sufficient to show:

        a.   its owner;

        b.   its address;

        c.   the date it began operation;

        d.   the current estimated replacement cost and time necessary to replace it;

e.   the number of production lines of the facility and type of packages that can be produced at the facility;

f.   the types of Refined Sugar produced at the facility (e.g., granulated, brown, powdered, liquid);

g.   for both production capacity and packaging capacity, the current nameplate and practical capacity, and the monthly capacity utilization rate for production of Raw Sugar and for each Refined Sugar product manufactured at the facility;

h.   any production processes that limit the facility's maximum capacity for production of Raw Sugar or Refined Sugar;

i.   amount of storage capacity;

j.   whether the facility has rail access;

k.   if owned by the Company, whether the facility is used to transfer or process Raw Sugar or Refined Sugar for third parties; and

l.   any co-packing or tolling agreements relating to the facility to which the Company is a party.

6.   From January 1, 2016 to present, data showing monthly sales, fixed costs, variable costs, and the profit margins for Raw Sugar and Refined Sugar sold in the United States at the most granular level of disaggregation available.

## DEFINITIONS

The terms defined below and used in each of the requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

1. The term "**the Company**" means the entity to which this Subpoena is issued, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing. The terms "parent," "subsidiary," "affiliate," and "joint venture" refer to any person in which there is partial (25 percent or more) or total ownership or control between the Company and any other person.

2. The term "**Collaborative Work Environment**" means a platform used to create, edit, review, approve, store, organize, share, and access documents and information by and among authorized users, potentially in diverse locations and with different devices. Even when based on a common technology platform, Collaborative Work Environments are often configured as separate and closed environments, each one of which is open to a select group of users with layered access control rules (reader vs. author vs. editor). Collaborative Work Environments include Microsoft SharePoint sites, eRooms, document management systems (e.g., iManage), intranets, web content management systems ("CMS") (e.g., Drupal), wikis, and blogs.

3. The term "**Data Dictionary**" means documentation of the organization and structure of the databases or data sets that is sufficient to allow their reasonable use by the Department, including, for each table of information: (a) the name of the table; (b) a

3

general description of the information contained; (c) the size in both number of records and megabytes; (d) a list of fields; (e) the format, including variable type and length, of each field; (f) a definition for each field as it used by the Company, including the meanings of all codes that can appear as field values; (g) the fields that are primary keys for the purpose of identifying a unique observation; (h) the fields that are foreign keys for the purpose of joining tables; and (i) an indication of which fields are populated.

4.      The term "**documents**" means all written, printed, or electronically stored information ("ESI") of any kind in the possession, custody, or control of the Company, including information stored on social media accounts like Twitter or Facebook, chats, instant messages, text messages, other Messaging Applications, and documents contained in Collaborative Work Environments and other document databases. "Documents" includes metadata, formulas, and other embedded, hidden, and bibliographic or historical data describing or relating to any document. Unless otherwise specified, "documents" excludes bills of lading, invoices in non-electronic form, purchase orders, customs declarations, and other similar documents of a purely transactional nature; architectural plans and engineering blueprints; and documents solely relating to environmental, tax, human resources, OSHA, or ERISA issues.

5.      The term "**Messaging Application**" refers to any electronic method used by the Company and its employees to communicate with each other or entities outside the Company for business purposes. "Messaging Application" includes platforms for email, chats, instant messages, text messages, and other methods of group and individual communication (e.g., Microsoft Teams, Slack). "Messaging Application" may overlap with "Collaborative Work Environment."

6.       The term "**person**" includes the Company and means any natural person, corporate entity, partnership, association, joint venture, government entity, or trust.

7.       The term "**plans**" includes proposals, recommendations, or considerations, whether finalized or adopted.

8.       The term "**Proposed Transaction**" means the acquisition by Ibis Acquisition, LLC, a wholly owned subsidiary of United States Sugar Corporation, of Imperial Sugar Company and other assets owned by Akira Holding Foundation, for $315 million pursuant to an asset purchase agreement executed on March 24, 2021.

9.       The term "**Raw Sugar**" means any sugar not suitable for human consumption without further refining, regardless of polarity.

10.      The term "**Refined Sugar**" means food-grade sugar that is produced by refining either sugar beets or raw cane sugar.

11.      The term "**sales**" means net sales, i.e., total sales after deducting discounts, returns, allowances, and excise taxes. "Sales" includes sales of a relevant product whether manufactured by the Company itself or purchased from sources outside the Company and resold by the Company.

## INSTRUCTIONS

A.      In addition to the specific instructions set forth below, these requests incorporate the instructions set forth in Fed. R. Civ. P. 45 and the Local Rules of the District of Delaware.

B.      Documents already produced by the Company to the United States in response to civil investigative demands issued to the Company by the United States before the filing of this Action during the Investigation of the Proposed Transaction need not

be reproduced in response to these requests unless required to comply with any protocols concerning electronically stored information agreed to by the Parties or ordered by the Court.

C.    Unless indicated separately in the request, these requests require the Company to produce all responsive documents and data in the Company's possession, custody, or control that were created, received or in effect from January 1, 2018, to the present, and are continuing in nature. Produce responsive documents and data as follows:

1.    Pursuant to Fed. R. Civ. P. 45(e)(1)(A) documents must be produced either (1) as found in the Company's files in the ordinary course of business (e.g., documents that in their original condition were stapled, clipped, or otherwise fastened together, or maintained in separate file folders, shall be produced in such form), or (2) segregated as responsive to a specific request enumerated in these requests, with such specific request identified.

2.    Produce hard copy documents in hard copy form. You may submit photocopies (with color copies where necessary to interpret the document) in lieu of original documents, provided that the copies are true, accurate, and complete copies of the originals.

3.    Any responsive document that has been altered, including by the addition of marginal notes, handwritten notes, underlining, date stamps, received stamps, or endorsed or filed stamps, and any draft, revision, modification, or other revision of a responsive document, is a responsive document in its own right and must be produced.

4.   If any portion of any document is responsive to any request, then the entire document must be produced, including all attachments and enclosures.

5.   Unless otherwise requested by Plaintiff, electronic documents (e.g., email) and data shall be produced in electronic form only.  All metadata of electronic documents must also be produced.   Electronic documents and data shall be produced in the form of production specified in Appendix 1.

6.   Data produced in response to any Specification must be produced in an electronically sortable and searchable format (e.g. Excel or delimited text) and include a Data Dictionary applicable to data produced.  The data must be produced either (1) as found in the Company's files in the ordinary course of business, or (2) segregated as responsive to a specific request enumerated in these requests, with such specific request identified.

7.   Number consecutively all documents that you produce, with a prefix identifying the name of the producing party.  For each document that you produce, indicate the Person from whose custody you produced the document.

D.   If you are unable to respond fully to any document request, or if you object in part to any document request, produce documents responsive to the remaining part of the request.

E.   If no documents exist that are responsive to a particular request, state in writing that no responsive documents exist for such request.

F.   If any document is withheld on an objection to any request, all documents covered by that request not subject to the objection should be produced.

G.   If you withhold any document or part of any document on the basis of privilege, please

provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A). You may omit from the privilege log: documents sent solely between counsel for the Company, including in-house counsel acting solely in a legal capacity, and documents authored by the Company's outside counsel that were not directly or indirectly furnished to any third party, such as internal law firm memoranda (if a privilege is applicable to such materials), unless such attachments are addressed and sent solely to counsel.

H.   Any document that you deem to be Confidential as defined in the Parties' Joint Proposed Stipulated Protective Order filed with the Court in this Action must be produced in accordance with the terms of that Order, enclosed at Appendix 2.

I.   Any questions you have relating to the scope or meaning of these document requests or suggestions for possible modifications to them should be directed to Jill Ptacek, Trial Attorney, United States Department of Justice, Antitrust Division, 450 Fifth Street, NW, Suite 8000 Washington, DC 20530; phone: 202-705-5716; email: jill.ptacek@usdoj.gov.