IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1644 (MN) |
| | ) |
| UNITED STATES SUGAR | ) REDACTED - PUBLIC VERSION |
| CORPORATION, UNITED SUGARS | ) |
| CORPORATION, IMPERIAL SUGAR | ) |
| COMPANY, and LOUIS DREYFUS | ) |
| COMPANY LLC, | ) |
| | ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA
FROM JACK B. BLUMENFELD REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves
Jennifer L. Giordano
Lindsey S. Champlin
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
(202) 637-2200

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar Corporation*

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(213) 485-1234

Christopher S. Yates
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

February 3, 2022

Dear Judge Noreika:

We represent U.S. Sugar Corporation ("U.S. Sugar") and write on behalf of all Defendants to request the immediate production of documents and communications from the U.S. Department of Agriculture ("USDA") concerning U.S. Sugar's acquisition of Imperial Sugar Company ("Imperial") (the "Transaction") that the Department of Justice ("DOJ") is withholding. These materials, we believe, may contradict DOJ's allegations that the Transaction will result in harm and, as such, may constitute critical evidence and admissions from the United States. Defendants require these materials in order to depose USDA personnel and cross-examine them at trial.

DOJ seeks to have this Court enjoin U.S. Sugar from completing its acquisition of Imperial, pursuant to Section 7 of the Clayton Act. DOJ does not claim that the Transaction will harm competition throughout the United States, but rather only that it may affect certain customers in a limited and gerrymandered geographic region DOJ refers to as the Southeast. DOJ's Complaint ignores the reality that today at least a dozen separate companies compete to sell sugar to customers in the Southeast, and that many other companies could increase their supply to those customers post-Transaction—a critical factor in standard Section 7 analysis.

Whether other companies can increase their supply of sugar depends in part on action by USDA. By law, USDA manages the supply of sugar flowing into and throughout this country through a detailed set of regulations known as the Federal Sugar Program—which were enacted to limit the amount of foreign, subsidized sugar coming into this country in order to protect American sugar farmers and thus American jobs. USDA's mandate is to "manage the program to provide adequate supplies of both raw and refined sugar at reasonable prices."[1] Throughout the year, USDA monitors and may adjust the amount of sugar that can be marketed by domestic producers to customers as well as the amount of sugar that can be imported.

Because it has the ability to control the supply of sugar, the United States also necessarily has the power through USDA to control prices. USDA thus has a unique perspective on the alleged price effects of the Transaction, and DOJ's Complaint includes allegations concerning what the USDA supposedly will or will not do. Compl. ¶ 57, D.I. 1 (USDA "will not prevent the substantial harm threated by this deal" and "will not protect American grocers, food and beverage manufacturers, or consumers from the likely harm from this acquisition").

However, DOJ now refuses to provide discovery into those very assertions on the grounds that the documents at issue are supposedly "privileged." The parties have met and conferred on these disputes three times, but remain at an impasse.[2] Defendants thus seek relief from the Court. Specifically, Defendants seek an order compelling DOJ to produce two categories of documents currently withheld on claims of privilege: (1) USDA's purely internal assessments of the Transaction

---

[1] *See, e.g.,* Ex. 1, SUGARIMP-ATR-00008947; *see also* Harmonized Tariff Schedule of the United States (Ch.17, Additional U.S. Note 5 (a)(ii)).

[2] DOJ seeks to further delay resolution of this issue by insisting it is not ripe until DOJ serves its privilege log on February 8. Defendants cannot wait any longer given the tight schedule and the need for these documents to depose USDA witnesses and prepare for trial.

The Honorable Maryellen Noreika                                                February 3, 2022

in briefing papers and communications and (2) communications between USDA and DOJ about the Transaction.  DOJ has no basis to withhold these documents.

      **A.**     **USDA's internal documents about its views on the Transaction cannot be withheld based on the deliberative process privilege.**[3]  The deliberative process privilege only protects documents that are both "predecisional" (*i.e.*, "generated before the agency's final decision on the matter") and "deliberative" (*i.e.*, "they were prepared to help the agency formulate its position").  *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021).  Here, DOJ contends that these materials were deliberative because they were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Ex. 2, Feb 1, 2022 Letter from M. Wolin.  But the USDA does not enforce Section 7 of the Clayton Act and lacks authority to approve or disapprove a merger.  Indeed, USDA has publicly disclaimed *any* role in "the approval process for the proposed acquisition."  *See* Ex. 3, Sugar and Sweeteners Outlook: December 2021 at 19, USDA, Economic Research Service (December 15, 2021).  Thus, there was no "decision" for USDA to make.  To the extent USDA personnel were discussing the proposed Transaction, they did so not in their capacities as regulators, but rather as *witnesses* with information relevant to DOJ's claims.

      Even if the deliberative process privilege somehow applied, DOJ still should be required to produce these materials because Defendants have a substantial need for them.  *E.g., Pac. Gas & Elec. Co. v. United States*, 71 Fed. Cl. 205, 214-15 (2006) (ordering production of documents protected by deliberative process privilege because litigant had shown evidentiary need for them).  To overcome the deliberative process privilege on a showing of substantial need, the Court should balance "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable."  *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 854 (3d Cir. 1995) (internal quotations and citation omitted).  This balancing test favors production.

      First, the materials in question, which likely discuss the Transaction, the sugar industry, and the operations of the Federal Sugar Program, are highly relevant especially given DOJ's allegations about USDA in the Complaint.  Second, there is no comparable source of information about what USDA will or will not do to remedy any alleged harm from the Transaction under the Federal Sugar Program other than USDA itself.  Third, there is no dispute that this is a very serious litigation.  It threatens to prevent the completion of a pro-competitive transaction that would benefit farmers, customers and consumers throughout the United States.  Fourth, Defendants anticipate that USDA personnel will be important fact witnesses at trial—and that the materials in question may be used to cross-examine them.  Finally, there is no indication that production here would lead to future timidity by government employees.  These types of views on the Transaction and marketplace (when authored by third parties) are produced in every Section 7 DOJ litigation.  *See, e.g.*, n.4 *infra*.  Defendants clearly have a substantial need for these documents.

---

[3]    At this time, Defendants are only seeking production of documents withheld solely on the basis of the deliberative process privilege.  Defendants are not seeking documents that USDA contends were prepared for the purpose of seeking or obtaining legal advice from USDA counsel.

The Honorable Maryellen Noreika                                                         February 3, 2022

**B.     The communications between DOJ and USDA about the Transaction cannot be shielded by the deliberative process or work product privileges.**  Defendants are not seeking DOJ's purely internal deliberative materials, such as its notes or its internal recommendation memoranda.  Rather, Defendants only seek production of the investigative communications between DOJ and USDA about the Federal Sugar Program and the Transaction.  DOJ already turned over these precise materials with respect to all other entities it communicated with during its investigation.[4]  However, DOJ unilaterally withheld its communications with USDA from its production of its Investigation Materials, and now continues to refuse to turn over those materials, claiming that those materials constitute its deliberative process and attorney-work product.  There is no logical basis for DOJ's position.  DOJ does not regard its investigation questions seeking information, and views elicited from market participants, to be part of its deliberative process or attorney work product—as evidenced by the fact that it already voluntarily produced that information in this case.  The fact that it posed similar questions and obtained views from USDA on the same issues cannot change that reality.

Regardless, even if one or both of these privileges did apply, Defendants have a substantial need for these documents, which is sufficient to overcome both privileges.  *Pac. Gas & Elec.*, 71 Fed. Cl. at 214-15 (deliberative process); *In re Neurontin Antitrust Litig.*, 2011 WL 2357793, *8 (D. N.J. June 9, 2011) (work product); Fed. R. Civ. P. 26(b)(3)(A).

*  *  *

Defendants respectfully request that the Court order Plaintiff to produce (1) communications between DOJ and USDA regarding the proposed Transaction, and (2) internal USDA communications and briefing papers regarding the proposed Transaction.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac
Attachments

cc:     All Counsel of Record (via electronic mail; w/attachments)

---

[4]     *See, e.g.,* Ex. 4 (SUGIMP-ATR-3114-3117) (DOJ contacting sugar buyer to obtain "thoughts on the transaction as well as the sugar industry in general"); Ex. 5 (SUGIMP-ATR-00003066-3068) (DOJ asking for "perspective" on "USDA's import program, as well as your thoughts or concerns regarding the acquisition of Imperial Sugar").

3