# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY, LLC,<br><br>*Defendants*. | C.A. No. 21-cv-1644-MN |

### LETTER TO THE HONORABLE MARYELLEN NOREIKA FROM PLAINTIFF UNITED STATES IN RESPONSE TO DEFENDANTS' LETTER REGARDING DISCOVERY DISPUTE

Brian Hanna
John Thornburgh
Michael Wolin
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC 20530
Telephone: (202) 598-8360
Email: brian.hanna2@usdoj.gov

Shamoor Anis
United States Attorney's Office
District of Delaware
1313 N. Market Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 573-6205
Email: shamoor.anis@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

Dated: February 4, 2022

Dear Judge Noreika:

    The United States filed this action to enjoin Defendants from consummating an anticompetitive transaction that would combine two of the three largest suppliers of refined sugar serving customers across twelve states. Competition between these two companies has resulted in lower prices and better service for customers. U.S. Sugar Corporation's acquisition of Imperial Sugar Company (the "transaction") would significantly decrease competition in the affected area, resulting in only two companies—United, the cooperative through which U.S. Sugar sells all of its sugar, and American Sugar Refining—accounting for close to 75% of all sugar sales in the area. It is this reduction in competition that is the focus of the Clayton Act Section 7 analysis, not USDA's role in regulating the broader domestic sugar industry.

    In response to Defendants' discovery requests, the United States has produced over 1,000 documents from the files of USDA, including documents regarding the sugar program, communications referring to the transaction, and non-privileged information provided by USDA to DOJ during DOJ's investigation. The United States opposes, however, Defendants' request for the Court to compel the production of additional documents that the United States has withheld (or redacted) because they are protected by the deliberative process privilege. Based only on Defendants' purported need to find documents in which USDA employees may have expressed personal views about the transaction that could provide fodder for cross-examination, Defendants ask the Court to override the important governmental interests at stake in maintaining the confidentiality of (1) communications between DOJ and USDA relating to DOJ's investigation into the transaction and (2) internal USDA deliberations relating to whether USDA should adopt an official agency position regarding the transaction.

    Defendants have no need for these otherwise privileged documents. The views of individual USDA employees about DOJ's investigation or the transaction are not at issue. To be sure, whether USDA has any regulatory tools at its disposal that might prevent the substantial harm threatened by the transaction is an issue to be tried. *See* Complaint ¶¶ 58–59. But even if the documents were relevant to this issue—and individual employees' personal opinions about the transaction are not—Defendants have other sources of information to prepare any defense based on USDA's role. This includes USDA documents produced in response to Defendants' document requests, USDA's public statements announcing its actions impacting the sugar industry, the testimony of USDA witnesses, and even the testimony of Defendants' own company witnesses who interact regularly with USDA.

    **A.  The Communications Are Protected by the Deliberative Process Privilege.**  "The deliberative process privilege permits the government to withhold documents containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827, 853 (3d Cir. 1995) (citation omitted). "'[T]he ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions.'" *Id.* at 854 (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 151 (1975)). The privilege "recognizes 'that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer.'" *Id.* (citation omitted). The privilege protects materials that are "predecisional" and "deliberative." "Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are 'deliberative' if they were prepared to help the agency formulate its position." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021). "[F]actual information that itself reveals the deliberative process and cannot be

severed from the deliberative context is protected." *In re United States*, 321 Fed. Appx. 953, 959 (Fed. Cir. 2009). "The party seeking discovery bears the burden of showing that its need for the documents outweighs the government's interest." *Redland*, 55 F.3d at 854.

***Communications between USDA and DOJ about the transaction***: As explained in Assistant Attorney General Kanter's declaration, when investigating proposed mergers, the Antitrust Division routinely reaches out to other federal agencies that have regulatory authority or other expertise related to the industry in which the merging parties compete. These communications form a critical part of DOJ's deliberations regarding whether to challenge the merger in federal court. Documents in DOJ's or USDA's possession concerning DOJ's investigation such as questions to USDA from DOJ attorneys are both deliberative and predecisional. Kanter Decl. (Ex. 1) ¶¶ 4–8. Internal USDA documents addressing DOJ's questions also fall under the deliberative process privilege because they reflect DOJ's deliberations prior to any decision to challenge the transaction.

Defendants contend that DOJ's communications with agencies such as USDA are not protected by the deliberative process privilege. But the law is clear that "the fact that the document passed from one agency to another does not terminate its privileged status." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Defendants' attempt to equate DOJ's communications with industry participants (e.g., customers and competitors) and USDA disregards the critical distinction between private parties and other federal agencies for purposes of the deliberative process privilege. As the Supreme Court explained in the context of Exemption 5 of the FOIA statute, which incorporates the deliberative process privilege,[1] "[b]y including inter-agency memoranda in Exemption 5, Congress plainly intended to permit one agency possessing decisional authority to obtain written recommendations and advice from a separate agency not possessing such decisional authority without requiring that the advice be any more disclosable than similar advice received from within the agency." *Renegotiation Board v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 188 (1975). Indeed, inter-agency and intra-agency communications "are treated identically by courts interpreting FOIA." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 77 (2d Cir. 2002) (Sotomayor, J.).

***Documents reflecting USDA employees' views of the transaction***: Documents reflecting USDA's internal deliberations regarding what official position if any the agency should take regarding the transaction are similarly within the scope of the deliberative process privilege.[2] None of these documents constitute a final agency policy or decision. McKalip Decl. (Ex. 2) ¶¶ 5–6. Documents that reflect "'personal opinions of the writer rather than the policy of the agency,' . . . are protected by the privilege since disclosure 'would inaccurately reflect or prematurely disclose the views of the agency, suggesting as agency position that which is as yet only a personal position.'" *Bayliss v. New Jersey State Police*, Civ. No. 11–890, 2014 WL 4657304, *4 (D.N.J. Sept. 17, 2014) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)), *aff'd*, 622 Fed. Appx. 182 (3d Cir. 2015).

Defendants argue that the only relevant decision is DOJ's decision whether or not to sue, but the deliberative process privilege is not so constrained. *See Sears*, 421 U.S. at 151 n.18 ("Agencies are, and properly should be, engaged in a continuing process of examining their

---

[1] *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007).
[2] USDA documents relating to how to respond to third party inquiries concerning the transaction are similarly protected by the deliberative process privilege. *See* McKalip Decl. ¶¶ 7–8.

policies; this process will generate memoranda containing recommendations which do not ripen into agency decisions; and the lower courts should be wary of interfering with this process."). The documents in question predate *USDA's decision* whether to adopt a formal agency position on the transaction and are within the scope of USDA's deliberative process. That USDA ultimately decided not to take a public position does not affect whether the privilege applies. *See, e.g.*, *U.S. Fish & Wildlife Serv.*, 141 S. Ct. at 786.

    **B. Defendants Offer No Valid Basis for Overriding the Privilege.** Defendants have not met their "heavy burden of showing entitlement to otherwise privileged documents." *See Del. Riverkeeper Network v. Del. River Basin Comm'n*, Civ. No. 10-5639, 2013 WL 12430331, *9 (D.N.J. April 15, 2013) (citation omitted). DOJ has a strong interest in protecting the confidentiality of inter-agency communications integral to its determination of whether to challenge proposed mergers. Kanter Decl. ¶¶ 9–10. And USDA has a compelling interest in protecting its internal back-and-forth in developing an institutional position on possible litigation. McKalip Decl. ¶ 6. Requiring disclosure of the privileged documents in this case could harm the United States' decision-making in future matters. Defendants' attempt to conflate communications with third parties and communications between federal executive agencies is wrong not only as a matter of the deliberative process law, *see supra*, but it also misapprehends the importance of coordination across executive agencies to reach the best outcome for the federal government as a whole. *See* Kanter Decl. ¶ 10.

    Defendants, on the other hand, have not shown "a particularized need" for the documents. *See Farley*, 11 F.3d at 1389. Defendants have access to information about USDA's sugar program and the tools USDA has available to regulate the sugar industry. Plaintiff has produced relevant, non-privileged information in response to Defendants' document requests and Defendants may ask USDA witnesses about these topics in deposition and at trial. But they have no need for the privileged documents whose production they now seek to compel. The views of individual USDA employees about the transaction itself are not at issue in this case. These communications "reflect only the tentative view of their authors; views that might be altered or rejected upon further deliberation either by their authors or by superiors." *See Pennzoil Co. v. Dep't of Energy*, Civ. No. 78-335, 1981 WL 1281, *2 (D. Del. Jan. 29, 1981); *Farley*, 11 F.3d at 1391 ("The views of agency employees contained in intra-agency documents are not, however, expressions of FTC policy. Rather they are part of the exchange of ideas—the give and take— central to the formulation of such policy.") (citation omitted). Simply put, the communications at issue reflect good government—and Defendants should not be permitted to chill that constructive exchange of ideas just to see if they can find an individual government employee who might have expressed an opinion in tension with the government's ultimate position in this case.

    Defendants' purported need for these documents cannot overcome the important interest of Plaintiff in protecting USDA's and DOJ's predecisional deliberations. *See, e.g., Bayliss*, 622 Fed. Appx. at 186 (district court properly denied production of privileged documents "which did not contain any factual material that was not disclosed to the parties [and] had little relevance to the only claims before the District Court").

                     Respectfully,

                       /s/ Michael Wolin

cc: Counsel of Record (via electronic mail with attachments)