IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1644 (MN) |
| | ) |
| UNITED STATES SUGAR | ) |
| CORPORATION, UNITED SUGARS | ) |
| CORPORATION, IMPERIAL SUGAR | ) |
| COMPANY, and LOUIS DREYFUS | ) |
| COMPANY LLC, | ) |
| | ) |
| Defendants. | ) |

**STIPULATION REGARDING EXPERT DISCOVERY**

Pursuant to Rule 29 of the Federal Rules of Civil Procedure, the Parties, United States of America, United States Sugar Corporation, United Sugars Corporation, Imperial Sugar Company, and Louis Dreyfus Company LLC, by and through their undersigned counsel, hereby stipulate and agree that the following provisions of this Stipulation shall, consistent with the protections set forth in the Parties' Stipulated Protective Order entered on January 3, 2022, D.I. 50, govern reports, disclosures and discovery with respect to testifying expert witnesses disclosed pursuant to Rules 26(a)(2) and 26(b)(4) of the Federal Rules of Civil Procedure (each a "Testifying Expert") in the above-captioned action (the "Action"), notwithstanding any other potentially applicable law, statute, regulation, or rule:

1.  The Parties agree to disclose or produce in discovery only the final written report of each Testifying Expert, including any final written rebuttal reports, pursuant to Rule 26(a)(2)(B), as well as the material provided for under Paragraphs 2(b)-(d) and 3 below. Each final written report shall state the information required by Rule 26(a)(2)(B), as modified by Paragraph 3 below.

2. The Parties shall not be required to disclose or produce in discovery or at trial any of the following documents or information, and the Parties shall not be obligated to include such information on any privilege log:

(a) drafts of any report, opinion, affidavit, declaration, written testimony, work paper, outline, exhibit, or disclosure, analyses, or other work product prepared by or at the direction of the Testifying Expert, counsel, or other agent of the Party proffering the Testifying Expert, or others working under the supervision of or on behalf of the Testifying Expert, in connection with the Testifying Expert's work in the Action or any other matter, regardless of the form in which such draft is recorded;

(b) preliminary or intermediate calculations, computations, modeling, programs, data collections, data runs, data analyses, or any other database-related operations prepared by or at the direction of the Testifying Expert, counsel or other agent of the Party proffering the Testifying Expert, or those working under the supervision of or on behalf of the Testifying Expert, unless the Testifying Expert has relied on this information as an input into the final data analysis or in performing the calculations appearing in his or her final report(s);

(c) notes created or prepared by or at the direction of the Testifying Expert, counsel, or other agent of the Party proffering the Testifying Expert, or others working under the supervision of or on behalf of the Testifying Expert, in connection with the Testifying Expert's work in the Action or any other matter, except for notes of interviews participated in or conducted by the Testifying Expert if the Testifying Expert relied upon such notes in forming any opinions in her or her final report(s); and

(d) documents or communications sent solely between or among the Testifying Expert and counsel for any Party or Parties, employees or agents of the Parties, any other experts

retained for purposes of this matter (including the Department of Justice's investigation of this matter), or persons acting under the supervision of or on behalf of any Testifying Expert in connection with the Testifying Expert's work on the Action or any other matter, regardless of the form of communications, unless the Testifying Expert has relied on this information in forming the opinions in his or her final report(s).

3.  By 6:00 pm ET on the same day as providing a final written report, the Testifying Expert shall produce the facts or data relied upon by the Testifying Expert in forming his or her opinion(s) electronically (via email, disc, or FTP site), with the exception of materials excluded by Paragraph 2 above. This production shall include all data and programs underlying any calculations appearing in the final report, including all programs and codes necessary to recreate the calculations from the initial ("raw") data files and the intermediate working-data files, such as any cross-walk, load file, or other file that is generated from the raw data files and used as an input into the final data analysis or in performing the calculations appearing in the final report, as well as a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations. Data, statistical analyses, or other information (including any calculation or exhibit) upon which a Testifying Expert relies for any of his or her opinion(s) in the Action shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the Testifying Expert. With the exception of materials excluded by Paragraph 2, the Testifying Expert shall also produce a list of any materials relied on by the Testifying Expert in forming his or her opinion(s) in this Action, and copies of those materials if they were not previously produced during discovery or the Department of Justice's investigation of this matter, as well as copies of all publications authored by the expert in the previous 10 years

that are not readily available publicly.  Any previously produced documents on which the Testifying Expert relies shall be listed by Bates number and identified in the written report.  The final written report shall also state the compensation that the Testifying Expert is receiving for his or her work in this Action.

4. Nothing herein shall be construed to prevent or limit in any way the examination of the Testifying Expert by the opposing Party at deposition or trial.  The Testifying Expert may still be fully questioned relating to his or her opinions (including alternative theories, methods, variables, facts, data, or assumptions that the Testifying Expert may or may not have considered in forming his or her opinions or in preparing his or her report).  Thus, notwithstanding anything to the contrary herein, a Testifying Expert may be presented at deposition or trial with documents, testimony, or other materials not contained in his or her expert report and questioned about whether the Testifying Expert saw or considered such documents, testimony, or other materials; the reasons why the Testifying Expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the Testifying Expert to alter his or her opinion(s) in any respect.

5. No subpoenas (for depositions or documents) need be served on any Testifying Expert from whom a report is provided.  Instead, the Party proffering such expert will be responsible for (a) producing all materials required to be produced by this Stipulation and (b) making such expert available for deposition at a time and location mutually agreed to by the Parties and consistent with the Court's Scheduling Order, D.I. 70, or any amendments thereto.

6. The Parties agree not to depose any consultant (individual or entity) or assistant who provided work in connection with any expert report.

7. This Stipulation shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further relief as to expert discovery.

          MORRIS NICHOLS, ARSHT & TUNNELL LLP

          */s/ Jack B. Blumenfeld*

OF COUNSEL:

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves
Jennifer L. Giordano
Lindsey S. Champlin
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
(213) 485-1234

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar Corporation*

5

|  |  |
|---|---|
|  | Hogan McDaniel |
|  |  |
|  | /s/ Daniel K. Hogan |
| OF COUNSEL: | ———————————————— |
|  | Daniel K. Hogan (#2814) |
| Peter J. Schwingler | Daniel C. Kerrick (#5027) |
| Stinson LLP | 1311 Delaware Avenue, Suite 1 |
| 50 South Sixth Street, Suite 2600 | Wilmington, DE 19806 |
| Minneapolis, MN 55402 | (302) 656-7540 |
| (612) 335-1564 | dan@dkhogan.com |
|  | dckerrick@dkhogan.com |
|  |  |
|  | *Attorneys for Defendant United Sugars Corporation* |
|  |  |
|  | Richards, Layton & Finger, P.A. |
|  |  |
|  | /s/ Kelly E. Farnan |
| OF COUNSEL: | ———————————————— |
|  | Kelly E. Farnan (#4395) |
| Christine A. Varney | 920 North King Street |
| David R. Marriott | Wilmington, DE 19801 |
| Peter T. Barbur | (302) 651-7700 |
| Timothy G. Cameron | farnan@rlf.com |
| Daniel K. Zach |  |
| Cravath, Swaine & Moore LLP | *Attorneys for Defendants Imperial Sugar Company and Louis Dreyfus Company LLC* |
| Worldwide Plaza |  |
| 825 Eighth Avenue |  |
| New York, NY 10019 |  |
| (212) 474-1000 |  |
|  |  |
| Amanda L. Wait |  |
| Vic Domen |  |
| Norton Rose Fulbright US LLP |  |
| 799 Ninth Street, NW, Suite 1000 |  |
| Washington, DC 20001 |  |
| (202) 662-4550 |  |
|  |  |
| Darryl Wade Anderson |  |
| Norton Rose Fulbright US LLP |  |
| 1301 McKinney Street, Suite 5100 |  |
| Houston, TX 77010 |  |
| (713) 651-5562 |  |

|  |  |
|---|---|
|  | UNITED STATES ATTORNEY'S OFFICE |
|  | */s/ Shamoor Anis* |
| OF COUNSEL | Shamoor Anis |
|  | Laura Hatcher (#5098), Chief, Civil Division |
| Brian Hanna | District of Delaware |
| Curtis Strong | 1313 North Market Street, Suite 400 |
| Jonathan Y. Mincer | Wilmington, DE 19801 |
| U.S. Department of Justice | (302) 573-6205 |
| Antitrust Division | shamoor.anis@uddoj.gov |
| 450 5th Street, NW, Suite 8000 | laura.hatcher@usdoj.gov |
| Washington, DC 20530 |  |
| (202) 710-2449 | *Counsel for Plaintiff United States of America* |
| February 7, 2022 |  |

7