# PRETRIAL ORDER
# VOLUME 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY LLC.<br>*Defendants*.<br><br>*Defendants*. | Civil Action No. 1:21-cv-01644-MN |

## JOINT [PROPOSED] PRETRIAL ORDER

Plaintiff United States of America, and United States Sugar Corporation ("U.S. Sugar"), United Sugars Corporation ("United"), Imperial Sugar Company ("Imperial"), and Louis Dreyfus Company LLC ("Louis Dreyfus") (collectively, the "Defendants"), hereby submit this proposed Final Pretrial Order pursuant to Federal Rule of Civil Procedure 26(a)(3), District of Delaware Local Rule 16.3, the Court's Scheduling Order (D.I. 70), and the Court's Preferences & Procedures for Civil Cases. This Order is jointly proposed. The parties have not reached agreement on Paragraphs 18, 40, 51, 52, and 54, and have provided their respective proposals and rationales under those Paragraphs for the Court's consideration. A final pretrial conference is scheduled in this matter on April 4, 2022 at 2:00 p.m. Trial of this matter is scheduled to begin on April 18, 2022.

| | |
|---|---|
| **Counsel for Plaintiff the United States:** | SHAMOOR ANIS |
| | LAURA D. HATCHER (#5098) |
| | Chief, Civil Division |
| | United States Attorney's Office |
| | District of Delaware |
| | 1313 N. Market Street, Suite 400 |
| | Wilmington, Delaware 19801 |
| | Tel.: (302) 573-6205 |
| | shamoor.anis@usdoj.gov |
| | laura.hatcher@usdoj.gov |
| | |
| | Brian Hanna |
| | Curtis Strong |
| | United States Department of Justice, Antitrust Division 450 |
| | Fifth Street, NW, Suite 8000 |
| | Washington, DC 20530 |
| | Telephone: (202) 460-4294 |
| | Email: Brian.Hanna@usdoj.gov |
| | |
| **Counsel for Defendants:** | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE 19899 |
| | jblumenfeld@morrisnichols.com |
| | began@morrisnichols.com |
| | |
| | Lawrence E. Buterman |
| | LATHAM & WATKINS LLP |
| | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| | Lawrence.Buterman@lw.com |
| | |
| | Amanda P. Reeves |
| | Jennifer L. Giordano |
| | Lindsey S. Champlin |
| | Molly M. Barron |
| | David L. Johnson |
| | LATHAM & WATKINS LLP |
| | 555 Eleventh Street, NW, Suite 1000 |
| | Washington, DC 20004-1304 |
| | Amanda.Reeves@lw.com |
| | Jennifer.Giordano@lw.com |
| | Lindsey.Champlin@lw.omc |
| | Molly.Barron@lw.com |
| | David.Johnson@lw.com |

Christopher S. Yates
Kelly S. Fayne
LATHAM & WATKINS LLP
505 Montgomery St. Suite 2000
San Francisco, CA 94111-6538
Chris.Yates@lw.com
Kelly.Fayne@lw.com

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Elyse.Greenwald@lw.com

**Counsel for Defendants United States Sugar Corporation**

Daniel K. Hogan (#2814)
HOGAN MCDANIEL
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
dan@dkhogan.com

Peter J. Schwingler
Jonathan W. Ripa
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
peter.schwingler@stinson.com
jon.ripa@stinson.com

Lauren Fleming
STINSON LLP
1201 Walnut Street Suite 2900
Kansas City, MO 64106
lauren.fleming@stinson.com

**Counsel for Defendant United Sugars Corporation**

Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
Wilmington, DE 19801
Farnan@rlf.com

Christine A. Varney
Peter T. Barbur
David R. Marriott

iii

Timothy G. Cameron
Daniel K. Zach
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
cvarney@cravath.com
pbarbur@cravath.com
dmarriott@cravath.com
tcameron@cravath.com
dzach@cravath.com

Darryl Wade Anderson
NORTON ROSE FULBRIGHT US LLP
1301 McKinney Street, Suite 5100
Houston, TX 77010-3095
darryl.anderson@nortonrosefulbright.com

Vic Domen
Amanda Wait
NORTON ROSE FULBRIGHT US LLP
799 9th Street NW, Suite 1000
Washington, DC 20001
vic.domen@nortonrosefulbright.com
amanda.wait@nortonrosefulbright.com

**Counsel for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC**

# Table of Contents

I. Nature of the Case ............................................................................................................. 1

II. Jurisdiction .................................................................................................................... 2

III. Facts ............................................................................................................................ 2

    A. Uncontested Facts ................................................................................................... 2

    B. Contested Facts ....................................................................................................... 2

IV. Issues of Law ............................................................................................................... 2

V. Issues Each Side Intends to Prove At Trial In Support of Claims And Defenses ............ 2

VI. Witnesses ..................................................................................................................... 2

    A. List of Witnesses the United States May Call ........................................................ 2

        1. Expert Witnesses .............................................................................................. 3

        2. Non-Expert Witnesses ...................................................................................... 3

    B. List of Witnesses Defendants May Call ................................................................. 3

        1. Expert Witnesses .............................................................................................. 3

        2. Non-Expert Witnesses ...................................................................................... 4

    C. Witness Identification ............................................................................................. 4

    D. Expert Testimony .................................................................................................... 6

    E. Testimony by Deposition ........................................................................................ 6

VII. Exhibits ...................................................................................................................... 9

    A. Exhibits .................................................................................................................. 9

    B. Demonstrative Exhibits and FRE 1006 Summary Exhibits .................................... 12

VIII. Confidential Information ........................................................................................... 13

IX. Damages ...................................................................................................................... 14

X. Motions *in Limine* and Other Pre-Trial Evidentiary Motions ....................................... 14

    A. United States' Motion *in Limine* ........................................................................... 14

    B. Defendants' Motion *in Limine* .............................................................................. 14

XI. Discovery .................................................................................................................... 14

XII. Proposed Findings of Fact, Conclusions of Law, and Post-Trial Briefs ....................... 15

XIII. Length of Trial .......................................................................................................... 15

XIV. Amendments of the Pleadings ................................................................................... 17

XV. Additional Matters ..................................................................................................... 17

XVI. Settlement ................................................................................................................. 18

## I.    Nature of the Case

1.      This is a civil antitrust lawsuit arising under Section 7 of the Clayton Act, 15

U.S.C. § 18. The United States filed this action against United States Sugar Corporation ("U.S.

Sugar"), United Sugars Corporation ("United"), Imperial Sugar Company ("Imperial"), and

Louis Dreyfus Company LLC ("Louis Dreyfus") (collectively, the "Defendants") on November

23, 2021, seeking a permanent injunction of U.S. Sugar's proposed acquisition of Imperial (the

"Transaction"). The United States alleges that the Transaction likely will substantially lessen

competition for the production and sale of refined sugar in violation of Section 7 of the Clayton

Act, 15 U.S.C. § 18, in (a) the Census Bureau's South Atlantic and East South Central census

divisions (Alabama, Delaware, District of Columbia, Florida, Georgia, Kentucky, Maryland,

Mississippi, North Carolina, South Carolina, Tennessee, Virginia and West Virginia) (Plaintiff's

"Southeast" or "broader market") and (b) Georgia and the states bordering Georgia (Alabama,

Florida, Georgia, North Carolina, South Carolina, and Tennessee) (Plaintiff's "Georgia and

neighboring states" or "narrower market").

2.      The Defendants filed an Answer on January 10, 2022 denying that the

Transaction is likely to substantially lessen competition in the alleged relevant markets in

violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. Defendants contend, *inter alia*, that the

Transaction will permit U.S. Sugar to process sugar it currently does not have the capacity to

refine, and will make the Imperial facility, which currently is not efficiently utilized, a more

competitive and cost-effective refinery. Defendants dispute that the "production and sale of

refined sugar" constitutes a relevant product market, and dispute that either of the alleged

geographic markets constitute a relevant geographic market under applicable law.  Defendants

further deny that the Transaction is likely to have anticompetitive effects in the alleged relevant

markets.  Defendants request that the Court deny Plaintiff's request for a permanent injunction

and allow the Transaction to proceed.

## II.    Jurisdiction

3.      This is an action for injunctive relief under Section 7 of the Clayton Act, 15 U.S.C. § 18. The jurisdiction of the Court is not disputed and is based on Section 15 of the Clayton Act, 15 U.S.C. § 25.

## III.   Facts

### A.  Uncontested Facts

4.      The parties' joint statement of uncontested facts is attached as Exhibit 1.

### B.  Contested Facts

5.      The United States' statement of contested facts it intends to prove in support of its claims is attached as Exhibit 2A. The Defendants' statement of contested facts they intend to prove in opposition to the United States' claims is attached as Exhibit 2B.

## IV.   Issues of Law

6.      The United States' statement of issues of law that remain to be litigated is attached as Exhibit 3A. The Defendants' statement of issues of law that remain to be litigated is attached as Exhibit 3B. If this Court determines that any issue identified in the statements of issues of law is more properly considered an issue of fact, it should be so considered.

## V.    Issues Each Side Intends to Prove At Trial In Support of Claims And Defenses

7.      In addition to the contested facts each side has set forth in Exhibits 2A and 2B, in accordance with the Court's March 14, 2022 Order (D.I. 158), each side intends to file a pre-trial brief on April 11, 2022 setting forth the issues it intends to prove or rebut at trial.

## VI.   Witnesses

### A.  List of Witnesses the United States May Call

2

### 1.  Expert Witnesses

8.    The United States intends to call Dov Rothman, Ph.D., for expert testimony regarding his economic analysis (including the impact on competition in the relevant markets) of the Transaction.

9.    Doctor Rothman is expected to testify live.

### 2.  Non-Expert Witnesses

10.    The United States expects to call the following fact witnesses. Fact witnesses that the United States intends to call by deposition are marked with an asterisk:

1.    Clayton Brown, International Food Products Corporation*
2.    Heath Cagle, Piedmont Candy Company
3.    Julie Campbell, United
4.    Lawrence Faucheux, Louisiana Sugar Refining*
5.    Pedro Figueroa, Michigan Sugar*
6.    Michael Gorrell, Imperial
7.    Meera Ramachandra Hamill, Kraft Heinz Company*
8.    Steve Hanson, United
9.    Alan Henderson, Domino Foods, Inc.
10.    Patrick Henneberry, Imperial
11.    Jeana Hines, Imperial
12.    Steve Hines, United
13.    Matthew Kling, Batory Foods*
14.    Mark Olson, American Sugar Refining*
15.    Aaron Riippa, General Mills
16.    Chris Simons, National Sugar Marketing Cooperative, Inc.*
17.    Eric Speece, United
18.    Beth Smith, Imperial
19.    Dick Swart, United
20.    Adam Whittaker, Domino Foods, Inc.
21.    Matthew Wineinger, United

## B.  List of Witnesses Defendants May Call

### 1.  Expert Witnesses

11.    Defendants expect to call Nicholas Hill, Ph.D., for expert testimony regarding his

economic analysis (including the impact on competition in the alleged relevant markets) of the Transaction.

12.     Dr. Hill is expected to testify live.

### 2.  Non-Expert Witnesses

13.     Defendants expect to call the following fact witnesses. Fact witnesses that the Defendants intend to call by deposition are marked with an asterisk:

1.      Chad Bechard, Hostess Brands
2.      Robert Buker, U.S. Sugar
3.      Andrew Carter, Cargill, Inc.
4.      Thomas Crown, Post Consumer Brands, LLC
5.      Paul Farmer, CSC Sugar, LLC*
6.      Lawrence Faucheux, Louisiana Sugar Refining*
7.      Barbara Fecso, United States Department of Agriculture
8.      Pedro Figueroa, Michigan Sugar*
9.      Jeffrey Gholson, Rise Baking
10.     Michael Gorrell, Imperial
11.     Meera Ramachandra Hamill, Kraft Heinz Company*
12.     Alan Henderson, American Sugar Refining*
13.     Matthew Kling, Batory Foods
14.     William Keith Krause, McKee Foods Corporation
15.     Jennifer Petibone, Danone S.A.
16.     Aaron Riippa, General Mills*
17.     Chris Simons, National Sugar Marketing Cooperative*
18.     Neil Smith, U.S. Sugar
19.     Robert Sproull, American Sugar Refining
20.     Matthew Wineinger, United
21.     Elaine Wood, U.S. Sugar
22.     John Yonover, Indiana Sugars, Inc.

### C.  Witness Identification

14.     Any witness not listed in sub-sections A-B above will be precluded from testifying, unless such witness is used solely for impeachment or good cause is shown.

15.     No later than 5 p.m. on April 8, 2022, Plaintiff shall identify the list and expected

4

order of witnesses it intends to call at trial to facilitate travel and promote the efficient presentation of evidence.  No later than 5 p.m. on April 11, 2022, Defendants shall identify the list and expected order of witnesses they intend to call at trial.

16.     Unless otherwise agreed to by the parties during trial, starting on April 16, 2022, and thereafter two calendar days before each day of trial, the United States and Defendants shall provide no later than 7:00 p.m., the list and order of witnesses, and whether each will testify live or by deposition, to be presented each day of trial to facilitate travel.

17.     With the exception of any witness called in the United States' rebuttal case, for the convenience of party and non-party witnesses, and for efficiency, any witness who is testifying live and called by both sides, will only testify once and will be questioned by both sides at that time.  A party conducting a non-adverse cross-examination will be permitted to go beyond the scope of the direct examination for witnesses on that party's final witness list.

**Plaintiff's Proposal for Paragraph 18**

18.     Delete Defendants' proposed Paragraph 18.

**Plaintiff's Rationale**

Defendants' proposal to question its own witnesses first during the United States' case in chief is prejudicial.  The United States is the Plaintiff in this case, has the burden of persuasion, and should get to present its case first.  The norm in merger litigation is for the government to prove its case at least in part through the examination of adverse witnesses, and the United States is not aware of any merger case in which a court has allowed the Defendants to question their own witnesses first during the government's case in chief.  For efficiency at trial, the United States has already agreed that Defendants may go beyond the scope of direct examination if they wish during their cross examination.  That format was followed in *U.S. v. Sabre Corp. et al.*, No. 19-1548 (D. Del. 2019) and *U.S. v. Energy Solutions, Inc., et al.*, No. 16-1056 (D. Del. 2016),

and there is no good reason to divert from it here.

### Defendants' Proposal for Paragraph 18

18.     To promote the efficient presentation of evidence for the Court, Defendants propose that for party employees on both side's witness lists (i.e., Matthew Wineinger and Michael Gorrell), Defendants shall have the option to conduct their direct examination of their employees prior to the United States' cross-examination.

### Defendants' Rationale

Defendants believe that, for the two party witnesses who are on both side's witness lists, that it will be more efficient for the Court if Defendants are allowed to conduct their direct examinations of those witnesses first, prior to the United States' cross-examination.

### D.  Expert Testimony

19.     The parties agree that, should either side object that the opposing side's expert's testimony exceeds the scope of his prior expert disclosures, the Court should defer ruling on such objection unless it is renewed in writing following trial, rather than take time from the parties' trial presentation to argue and decide such an objection.

### E.  Testimony by Deposition

20.     The deposition testimony that the parties may offer into evidence is identified in Exhibits 4A and 4B, in comprehensive tables that include each side's objections to the other side's affirmative designations, counter-designations, and counter-counter designations.  The parties agree to defer objections to the scope of the other side's counter-designations until the final exchange of deposition designations set forth below.  Exhibit 4B will be supplemented later this week, and no later than March 31, 2022, pursuant to the parties' agreement, due to an inadvertent error on Plaintiff's part which resulted in Plaintiff providing objections and counter-

designations to certain of Defendants' designations late.

21.     To minimize the burden on the Court, the introduction of excerpts of deposition testimony into evidence will only be through playing video of such excerpts during trial. Except for deposition testimony used for impeachment, each party shall provide to the opposing party's counsel of record via electronic mail by 5:00 p.m. no less than four calendar days before playing a video of a deposition in court, notice of the specific pages and lines of the deposition transcript that the party intends to use, in the order of intended use, and any exhibits the party seeks to admit through the deposition testimony.  The other party (or parties) shall provide to the opposing party's counsel of record via electronic mail, by 12:00 p.m. the following day, any counter-designations, identified by specific page and line numbers, and any objections to the admissibility of testimony or exhibits sought to be admitted through the deposition designation. As part of this process, the opposing party may counter-designate testimony that was initially designated by the party calling the witness by deposition, so long as it constitutes a proper counter-designation.  The party calling the witness by video deposition shall provide any counter-counter designations and objections to counter-designations no later than 9:00 p.m. the same day.  The parties shall meet and confer to resolve any disputes that evening, and if the objections to the disputed exhibits and/or testimony are not resolved by the parties' meet and confer, the party calling the witness by deposition shall by 6:00 p.m. two (2) calendar days before the witness is to be called at trial, submit, on behalf of all parties: (i) A copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of

the deposition testimony or waiver of objection to the use of the deposition testimony.  If there are no objections, the video will be presented to the Court as appropriate before trial resumes on the day of anticipated use.  The party calling the witness by video deposition shall prepare the final media file containing the full compilation of testimony the party will play in court, including designations, counter-designations, and counter-counter designations. The compilation shall be in chronological order.

22.     For convenience and clarity, the parties further propose that for deposition designations that are played during trial, the party calling the witness by video (i.e., presenting the designations) play both the designated portion of testimony and the opposing party's counter-designations but omitting objections and colloquy. The time for such designations and counter-designations shall be allocated to each party accordingly, by a submission to the Court Reporter. Where both sides intend to call a witness by deposition, all designations (*i.e.*, both side's affirmative designations, counter-designations, and counter-counter designations) will be played at the same time, in chronological order, with time allocated to each side accordingly, by a submission to the Court Reporter.

23.     With respect to those witnesses whom the parties have identified in sub-sections A-B above that will be called to testify live at trial, no deposition designations or counter-designations are required. Unless otherwise agreed by the parties, should a party fact witness identified as testifying live at trial become unavailable, as that term is defined in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, the parties may, upon reasonable notice, designate specific pages and lines of transcript that they intend to play in lieu of the witness's live appearance. Should a party decide to call a non-party fact witness identified in sub-sections A-B above by video deposition instead of live at trial, the party may, upon reasonable notice and no later than four calendar days before calling the witness, designate

8

specific pages and lines of transcript that they intend to play in lieu of the non-party witness's live appearance.  A party may choose not to introduce deposition testimony designated or counter-designated in this Pretrial Order.

24.     Unless otherwise instructed by the Court, each party shall submit a copy of the designated portions of the transcript(s) to the Court at the time the designated testimony is offered in court.

25.     Any exhibit used in a deposition shall be admitted into evidence, if the portion of the deposition where the document was used is designated and admitted, subject to any objections to the exhibit contained in Exhibit 5A and Exhibit 5B.

26.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

## VII.     Exhibits

### A.  Exhibits

27.     Exhibit 5A is the United States' list of trial exhibits, identified with PTX, and containing any objections to those exhibits. Exhibit 5B is Defendants' list of trial exhibits, identified with DTX, and containing any objections to those exhibits.  Exhibit 5C is a list of joint exhibits that both parties listed, identified with JTX.

28.     Supplementation of exhibit lists may be done on a reasonable basis until the submission of this Order by the Parties to the Court.  Following the submission of this Order, supplementation of the exhibit lists will only be allowed based on good cause shown unless otherwise agreed to by the parties.  Good cause includes production of documents by an opposing party or third party on or after March 25, 2022.  Good cause also includes documents used with an opposing party's expert during their deposition. A party must send to the opposing party(ies) any final supplemental exhibit list no later than April 8, 2022.

29.     Exhibits to be used or offered into evidence solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial.

30.     Subject to the remaining provisions of this Pretrial Order or agreement of the parties, exhibits not listed will not be admitted or shown at trial unless good cause is shown.

31.     Each of the trial exhibit lists shall identify the Bates numbers of each listed trial exhibit.  Each trial exhibit shall be identified with a PTX, DTX, or JTX number. Within five business days after the conclusion of the trial, the parties shall submit a joint exhibit list cross-referencing the deposition exhibit number(s) to the trial exhibit number for each deposition exhibit referenced in designated deposition testimony submitted to the Court.

32.     The parties will serve electronic copies of their respective pre-marked non-demonstrative exhibits in searchable (OCR) PDF file format by 7:00 p.m. on April 11, 2022.

33.     Exhibits not objected to will be received into evidence by the operation of this Final Pretrial Order, without the need for additional foundation testimony provided they are shown to a witness.  To avoid confusion and unnecessary objections to exhibits and testimony, the parties agree to offer documents as exhibits only through witnesses that could provide the necessary foundation testimony if needed.  Nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case. The parties agree that any date or description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

34.     The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side. Each party reserves the right to object to the propriety of any evidence under the Federal Rules of Evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such

evidence is offered.

35.     Each party reserves the right to use exhibits listed by the other party from the other party's trial exhibit list. Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence, subject to any objection as set forth in Exhibit 5A or Exhibit 5B to this Pretrial Order.

36.     Exhibits that are documents that were produced by any party from its own files shall be presumed authentic within the meaning of Federal Rules of Evidence 901 unless the party can make a good faith objection to the exhibit's authenticity.

37.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.

38.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party. The parties will attempt to identify common exhibits to avoid, where practical, the submission of duplicative documents into the record.

39.     Unless otherwise agreed to by the parties during trial, the parties will each in good faith provide to the parties' counsel of record via electronic mail a written list of exhibits, by exhibit number, that it expects to use on the non-adverse direct or non-adverse cross examination of a party employee or former party employee, any direct examination of any third party, or any cross examination of any third party that either party intends to call in Court by 7:00 p.m. two calendar days before the day the witness will testify.  Objections to any of the disclosed exhibits shall be made by no later than 7:00 p.m. the night before their intended use. If good faith efforts to resolve the objections through meeting and conferring fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.  Exhibits to be used in direct or cross examination of an adverse party witness need not be disclosed.

**B. Demonstrative Exhibits and FRE 1006 Summary Exhibits**

**Plaintiff's Proposal for Paragraph 40**

40.     The parties shall exchange color representations of any demonstratives and FRE 1006 summary exhibits to be used in opening statements by 8:00 p.m. on April 16, 2022. The parties will provide any objections to such demonstratives and FRE 1006 summaries by 5:00 p.m. on April 17, 2022.

**Plaintiff's Rationale**

This procedure is fairly standard in merger trials, as it incentivizes parties to avoid objectionable material and streamlines the presentation at trial by avoiding impromptu objections during opening statements.

**Defendants' Proposal for Paragraph 40**

40.     Delete Paragraph 40.

**Defendants' Rationale**

Defendants do not think that exchanging demonstratives or FRE 1006 summaries for the opening is necessary.  The parties are capable of avoiding objectionable material and risk inviting objection, and the interruption of their openings, should they include such information. Defendants propose deleting Paragraph 40.  However, if the Court is inclined to keep Paragraph 40, Defendants propose that the exchange take place by 5 p.m. on April 17, 2022 and any objections be served by 9 p.m. the same day.

41.     Any party will provide color representations of any demonstrative exhibits and FRE 1006 summary exhibits to be used in connection with the direct examination of any witness or the non-adverse cross-examination of a witness at trial to the other party's counsel of record no later than 4:00 p.m. on the calendar day before the witness is called. Any objections to demonstrative and FRE 1006 summary exhibits shall be made by 8:00 p.m. that same day, and

the parties shall promptly meet and confer regarding any objections that same evening. If any of the demonstratives or FRE 1006 summaries change after the deadline, the party intending to use the exhibit will promptly notify the opposing party of the change(s). Any remaining disputes as to demonstrative or FRE 1006 summary exhibits shall be raised with the Court as appropriate before trial resumes on the day of their anticipated use. Demonstrative and FRE 1006 summary exhibits that the parties intend to use at trial need not be included on their respective lists of trial exhibits and the notice provisions of this paragraph shall not apply to the enlargement, highlighting, ballooning, or excerpting of trial exhibits or testimony.

42.     The party seeking to use a demonstrative or FRE 1006 summary exhibit will provide a color representation of the demonstrative to the other side in PDF form. However, for demonstratives or FRE 1006 summary exhibits with video or animations, the party seeking to use the demonstrative or FRE 1006 summary exhibit will provide it to the other side via electronic mail in native format. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits to the extent possible.

## VIII.    Confidential Information

43.     To facilitate a public trial while permitting the protection of confidential information as allowed under the Federal Rules of Civil Procedure, the United States and Defendants will collaborate with non-party witnesses identified on their respective final witness lists to obtain the non-parties' proposed redactions to non-party documents identified on both Plaintiff's and Defendants' trial exhibit lists and/or confidentiality designations of non-party deposition testimony. Plaintiff and Defendants will exchange these proposed redactions and/or confidentiality designations on March 31, 2022.

44.     The parties will collaborate in good faith to resolve their respective confidentiality

designations received to date, and any disputes regarding the proposed redactions and/or confidentiality designations in advance of the final pre-trial conference on April 4, 2022.

45.     Any remaining disputes regarding redactions and/or confidentiality designations as of April 4, 2022 will be addressed on a schedule and process to be determined by the Court at the pretrial conference.

46.     The parties agree to work cooperatively with third parties that wish to keep Confidential information under seal or redacted at trial.  If Plaintiff, Defendants, and a third party agree that a third party's information is Confidential, it shall remain under seal and redacted at trial. If, as of April 4, 2022, there are disagreements between a party and any third party as to what constitutes Confidential information or redactions for use at trial, that third party may file a request with the Court no later than April 11, 2018 regarding any such dispute, which the Court will address before the third party's Confidential information is used at trial.

## IX.   Damages

47.     The United States does not seek damages.

## X.   Motions *in Limine* and Other Pre-Trial Evidentiary Motions

### A.  United States' Motion *in Limine*

48.     The United States' Motion *in Limine*, Defendants' Opposition thereto, and the United States' Reply is attached as Exhibit 6A.

### B.  Defendants' Motion *in Limine*

49.     Defendants' Motion *in Limine*, Plaintiff's Opposition thereto, and Defendants' Reply is attached as Exhibit 6B.

## XI.   Discovery

50.     The parties have completed fact discovery and expert discovery will close on

April 1, 2022 per the parties' Stipulation to Extend Time (D.I. 125).

## XII.   Proposed Findings of Fact, Conclusions of Law, and Post-Trial Briefs

### Plaintiff's Proposal for Paragraph 51

51.     Plaintiff is seeking a detailed opinion from the Court and in accordance with the Court's *Preferences & Procedures for Civil Cases*, proposes the following post-trial briefing schedule and page limits:  The parties shall file proposed findings of fact and post-trial briefs on May 6, 2022, two weeks after trial concludes.  Each side is limited to 100 pages for their proposed findings of fact and 40 pages for their post-trial briefs.  Each side will also submit a responsive brief one week following the submission of post-trial briefs, which shall be limited to 20 pages.

### Defendants' Proposal for Paragraph 51

51.     Defendants believe that it would be more productive to discuss with the Court the length and timing of briefs after the trial has concluded, when the Court and the parties will have a better understanding of what submissions will be of most use to the Court.  However, if the Court wishes to address this issue now, Defendants propose that the parties file proposed findings of fact, proposed conclusions of law, and post-trial briefs two weeks after the conclusion of trial on May 6, 2022.  Defendants would limit the parties' proposed findings of fact and conclusions of law to 75 pages combined and the parties' post-trial briefs to 30 pages.  Defendants also propose that the parties submit responsive briefs two weeks following the submission of post-trial briefs on May 20, 2022 limited to 20 pages.

## XIII.   Length of Trial

### Plaintiff's Proposal for Paragraph 52

52.     The parties be allotted 40 hours of trial time.

### Plaintiff's Rationale

Given the Court's availability for one week, Defendants now propose to limit the number of hours of trial time which will affect the United States' ability to present its case. The United States bears the burden of persuasion and will need to prove much of its case through adverse and hostile witnesses who are unlikely to be cooperative. The United States believes it can prove that Defendants' merger is a violation of Section 7 of the Clayton Act during the week the Court has available, but requests sufficient time to present its evidence at trial that week.

### Defendants' Proposal for Paragraph 52

52.     The parties are allotted 32 hours of trial time.

### Defendants' Rationale

While Plaintiff does bear the burden of proof here, Defendants are not trying to constrain the United States' ability to present its case. Rather, Defendants do not think that it is feasible to have 40 hours of trial time in 5 days and Defendants' proposal of 32 hours simply reflects this reality. Defendants leave to the Court how many hours are available in those 5 days.

53.     Time will be charged to a party for its opening statement, examinations (including direct, redirect, and cross-examination), playing of video depositions, closing argument (if closings are conducted on the last day of trial), and for any time spent addressing evidentiary issues and technical issues that result from calling a witness remotely, in the event that is permitted by the Court. [The Courtroom Deputy will keep a running total of trial time used by counsel.] [The parties will keep a running total of trial time used by counsel. The parties will confer during breaks and each evening to ensure consistency in their assessment of trial time and will report that time each day to the Court.]

### Plaintiff's Proposal for Paragraph 54

54.     The United States shall be allotted 55% of trial time, and the Defendants shall be allotted 45%.

**Plaintiff's Rationale**

With the Court's permission, the United States proposes to split the trial time allocated to the parties such that the United States shall be allotted 55% of trial time, and the Defendants shall be allotted 45%.  The United States bears the burden of persuasion and will need to prove much of its case through adverse and hostile witnesses who are unlikely to be cooperative.  Such a split was allotted in similar circumstances in the Pretrial Order in *United States v. Aetna,* No. 16-1494 (D.D.C. Oct. 31, 2016), ECF No. 167.

**Defendants' Proposal for Paragraph 54**

54.    The United States shall be allotted 50% of trial time, and the Defendants shall be allotted 50%.

**Defendants' Rationale**

Defendants propose that the parties split trial time evenly so that the United States is allotted 50% of the trial time and Defendants are allotted 50% of the trial time.  There is no reason for the United States to receive more trial time than Defendants.  Defendants need to have an opportunity to respond to everything Plaintiff presents, to cross-examine Plaintiff's witnesses, and to present their own evidence.  That the Plaintiff has the burden of proof is not a reason it should get 3 more hours to present its case than Defendants get to rebut it.

## XIV.    Amendments of the Pleadings

55.    No party is seeking to amend its pleadings.

## XV.    Additional Matters

56.    Consistent with Section VII above regarding the treatment of confidential information, the United States and Defendants anticipate potentially having to request that the courtroom be closed to the public for portions of the testimony of certain party and third party witnesses. The United States and Defendants are mindful of the strong presumption of an open

court and plan to work in good faith to identify and resolve any concerns regarding the confidential nature of testimony and designations in advance of the trial.

57. Each side is permitted, as authorized by 15 U.S.C. ¶ 23, to issue trial subpoenas anywhere in the United States requiring witnesses to appear in this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

58. The United States and Defendants reserve their rights to include any issues that develop prior to the final pretrial conference.

## XVI. Settlement

59. The parties do not believe the controversy can be resolved by settlement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of

the action, unless modified by the Court to prevent manifest injustice.

AGREED TO BY:

*/s/ Shamoor Anis*

_____
Shamoor Anis
Laura Hatcher (#5098)
    Chief, Civil Division
United States Attorney's Office
District of Delaware
1313 N. Market Street, Suite 400
Wilmington, DE 19801
laura.hatcher@usdoj.gov
shamoor.anis@uddoj.gov
(302) 573-6277

*/s/ Brian Hanna*

_____
Brian Hanna
Curtis Strong
U.S. Department of Justice
Antitrust Division
450 5th Street, NW, Suite 8000
Washington, DC 20530
Jonathan.Mincer@usdoj.gov
(202) 710-2449

*Counsel for Plaintiff*
*United States of America*

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
OF COUNSEL:

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves
Jennifer L. Giordano

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

Lindsey S. Champlin
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates
Kelly S. Fayne
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
(213) 485-1234

*Attorneys for Defendant United States Sugar
Corporation*

HOGAN MCDANIEL

*/s/ Daniel K. Hogan*
_____

OF COUNSEL:

Peter J. Schwingler
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1564

Daniel K. Hogan (# 2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars
Corporation*

RICHARDS, LAYTON & FINGER, P.A.

OF COUNSEL:

Christine A. Varney
David R. Marriott
Peter T. Barbur
Timothy G. Cameron
Daniel K. Zach
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Amanda L. Wait
Vic Domen
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street, NW, Suite 1000
Washington, DC 20001
(202) 662-4550

Darryl Wade Anderson
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St. Suite 5100
Houston, TX 77010
(713) 651-5562

/s/ Kelly E. Farnan

Kelly E. Farnan (#4395)
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC*

SO ORDERED this ___ day of April 2022.

_____
The Honorable Maryellen Noreika
United States District Court Judge

21