# Pretrial Order

# Exhibit 6A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:21-cv-01644-MN |
| UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY LLC. | |
| *Defendants*. | |

## UNITED STATES' MOTION *IN LIMINE* NO. 1

████████████████

## UNITED STATES' MOTION *IN LIMINE* NO. 1

Plaintiff United States moves the Court to allow the United States to treat three witnesses (Alan Henderson, Mark Olson, and Adam Whittaker) from American Sugar Refining ("ASR" or "Domino")[1] as hostile and to use leading questions on their direct examination, pursuant to Federal Rule of Evidence 611(c)(2). ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ thus, they are hostile and leading questions are appropriate.

At trial, the United States will show that the proposed merger is likely to lead to harmful coordinated effects, in particular between Defendant United Sugars Corporation ("United") and Domino, which together would control over 70% of the relevant markets if the merger is completed. Coordinated effects refer to the "theory that, where rivals are few, firms will be able to coordinate their behavior, either by overt collusion or implicit understanding in order to restrict output and achieve profits above competitive levels." *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 715 (D.C. Cir. 2001). The United States intends to demonstrate the susceptibility of the relevant markets to coordinated effects in part by introducing evidence that ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. *See* Declaration of David Geiger ("Geiger Decl."), Mar. 22, 2022, Ex. 1 at 238:4–11. Such routine exchange of "intimate information on prices" among competitors "facilitates collusion and therefore entitles [the government] to worry even more about large horizontal acquisitions in this industry than in industries where competitors deal with each other at arm's length." *Hosp. Corp. of Am. v. FTC*,

---

[1] ASR includes Domino Foods, Inc., and is itself owned by Florida Crystals Corporation ("FCC"). Mr. Olson is an employee of ASR, and Mr. Henderson and Mr. Whittaker are employees of Domino Foods, Inc.

███████████████

807 F.2d 1381, 1389 (7th Cir. 1986) (Posner, J.).

The United States has discovered communications between ██████████████

██████ and ██████████. ███████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████. *See, e.g.*, Geiger Decl., Exs. 2–5.

████████████████████████████████████████████████████████

███████████████████████████████████████████. *See, e.g.*, Geiger Decl., Exs. 2–4, 6. ██████████████████████████████

████████████████████████████████████████████

████████████████████. *See* Geiger Decl., Exs. 2, 3.

██████████ also communicates on a regular basis with █████████████████

████████████. Geiger Decl., Ex. 1 at 24:22-25:15, 239:22-240:11. ██████

████████████████████████████████████████████████████████

██████. *See, e.g.*, Geiger Decl., Exs. 7–9. In one episode, █████████████

████████████████████████████████████████████████████████

███████████████████████████████ Geiger Decl., Exs. 7, 10. ██████

████████████████████████████████████████████

████████████████████████████████████. *Id.* ██████████████████

████████████████████████████████████████. *Id.*

████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

2

██████████████████

██████████████████████████.[2] Geiger Decl., Ex. 11. Evidence of cooperation among

competitors and transparency into rivals' prices is highly relevant to the Court's consideration of

the pending merger, but also may ████████████████████████████████████████

█████████████.███████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

The Court has broad discretion under Federal Rule of Evidence 611 to permit a party to

use leading questions on direct examination of a hostile witness. Fed. R. Evid. 611(c)(2); *St.

Clair v. United States*, 154 U.S. 134, 150 (1894); *United States v. James*, 955 F.3d 336, 344 n.6

(3d Cir. 2020). Here, there is little danger of suggestion by leading questions. 1 McCormick On

Evid. § 6 (8th ed.) ("Thus, if on direct the witness . . . appears hostile to the examiner, or is

reluctant or uncooperative, the danger of suggestion disappears. In these circumstances, the

judge will permit leading questions on direct."). Domino's employees exhibited reluctance and

uncooperativeness with the United States' questions in their depositions; for example, ████

████████████████████████████████████████████████████

████████████████████████████████████. *See, e.g.*, Geiger

Decl., Ex. 12 at 34:1-35:11, Ex. 13 at 174:2-175:11, 212:22-213:11. To facilitate orderly

preparation and presentation at trial, the United States asks the Court to rule prior to trial to

permit the United States to use leading questions in its direct examination of these three Domino

witnesses.

---

[2] ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff*,<br><br>    v.<br><br>UNITED STATES SUGAR CORPORATION,<br>UNITED SUGARS CORPORATION,<br>IMPERIAL SUGAR COMPANY, and<br>LOUIS DREYFUS COMPANY, LLC,<br><br>        *Defendants*. | C.A. No. 1:21-cv-01644-MN |

## <u>DECLARATION OF DAVID GEIGER</u>

I, David Geiger, declare as follows:

1.      I am a Trial Attorney with the Antitrust Division of the United States Department of Justice ("Antitrust Division"). I submit this declaration in connection with the United States' Motion *in Limine* for the Court to permit the United States to treat Alan Henderson, Mark Olson, and Adam Whittaker as hostile and to permit the use of leading questions on their direct examination.

2.      Attached as **Exhibit 1** is a true and correct copy of an excerpt from the transcript of the deposition of Eric Speece, taken on February 18, 2022.

3.      Attached as **Exhibit 2** is a true and correct copy of a document labeled with Bates numbers FCC-0099237–244, produced by Florida Crystals Corporation ("FCC").

4.      Attached as **Exhibit 3** is a true and correct copy of a document labeled with Bates numbers FCC-00090971–977, produced by FCC.

████████████████

5.      Attached as **Exhibit 4** is a true and correct copy of a document labeled with Bates numbers FCC-00074600–602, produced by FCC.

6.      Attached as **Exhibit 5** is a true and correct copy of a document labeled with Bates number FCCC-00092807, produced by FCC.

7.      Attached as **Exhibit 6** is a true and correct copy of a document labeled with Bates number FCC-00040182, produced by FCC.

8.      Attached as **Exhibit 7** is a true and correct copy of a document labeled with Bates numbers UNITED-DOJ-00128529–533, produced by United Sugars Corporation ("United").

9.      Attached as **Exhibit 8** is a true and correct copy of a document labeled with Bates numbers UNITED-DOJ-00129422–423, produced by United.

10.     Attached as **Exhibit 9** is a true and correct copy of a document labeled with Bates numbers UNITED-DOJ-00169996–997, produced by United.

11.     Attached as **Exhibit 10** is a true and correct copy of a document labeled with Bates numbers FCC-00077148–151, produced by FCC.

12.     Attached as **Exhibit 11** is a true and correct copy of ████████████

████████████████████████████████████████████████

████████████████████████

13.     Attached as **Exhibit 12** is a true and correct copy of an excerpt from the transcript of the deposition of Alan Henderson, taken on March 4, 2022.

14.     Attached as **Exhibit 13** is a true and correct copy of an excerpt from the transcript of the deposition of Adam Whittaker, taken on February 18, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2022.

/s/ David Geiger
David Geiger
Trial Attorney
U.S. Department of Justice, Antitrust Division
450 5th St. NW, Suite 7100
Washington, DC 20001

3

Exhibits 1-13

Redacted in Full

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | C.A. No. 21-cv-1644 (MN) |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | |
| CORPORATION, IMPERIAL SUGAR | ) | |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS' OPPOSITION TO UNITED STATES' MOTION *IN LIMINE* NO. 1

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar
Corporation*

HOGAN MCDANIEL
Daniel K. Hogan (# 2841)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dhogan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars
Corporation*

RICHARDS, LAYTON & FINGER. P.A.
Kelly E. Farnan (# 4395)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC*

March 27, 2022

Plaintiff's motion *in limine* implicates neither the admissibility of any evidence at trial or even an issue regarding trial procedure that is ripe for the Court's consideration at this time.  It instead involves an issue that the Court has wide discretion to determine in the normal course of trial, *United States v. Long*, 649 F. App'x 200, 202 (3d Cir. 2016)—especially in a bench trial.  Although Defendants see no basis in Plaintiff's motion for concluding now that the three Domino witnesses are adverse, Defendants defer to the Court's discretion on the issue of whether the circumstances allow the use of leading questions with those or any other witnesses.[1]

Plaintiff's motion is a distraction from its inability to prove that the proposed acquisition would substantially lessen competition, and a harbinger that the United States intends to make the upcoming trial about claimed coordination between Domino and United—even though *neither Domino nor United is a party to the challenged transaction.*  Indeed, the motion does not even mention either of the merging parties.  That, in and of itself, shows how much of a sideshow this issue is.  The United States has not cited any case, and Defendants are not aware of any, in which a court has permanently enjoined an acquisition based on potential coordination between companies, neither of which are parties to the merger agreement.



Spot prices are list prices, which are hardly confidential or difficult to obtain.  United's spot prices ██████████████████████████████████

---

[1]   The United States has informed Defendants that one of the three witnesses referenced in its motion, Mr. Olson, will testify by deposition designation, which renders this motion moot as to him.

████. Spot prices, information about crop performance, and information about demand for refined sugar are regularly provided to customers and brokers that work for customers during the sales process. And because this information is relevant to customers, third-party analysts (just as in many other commodity industries) also collect this information and put it in newsletters, email blasts, and other publications that are sent to customers.[2] The USDA (an agency of the Plaintiff) receives these publications as well, and publishes similar information on a monthly basis as part of its stated desire to "facilitate information sharing among stakeholders and generate the transparency that leads to well-functioning open markets."[3] Presumably, the USDA, which like DOJ is part of the government (and is a party in this action), would not publish such information if it believed doing so would harm customers or violate the law. In fact, the Supreme Court has long recognized that even information exchanges directly between competitors can benefit consumers, help regulatory efficiency, and "render markets more, rather than less, competitive." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978).

The reality is that there is intense competition today between numerous competitors, and the United States has never identified anything about U.S. Sugar's acquisition of Imperial that is likely to change that. As the evidence at trial will show, the very idea of anyone at U.S. Sugar or at United working with Domino is anathema. But beyond that, the sugar industry contains powerful and sophisticated buyers (e.g., General Mills and Kraft) that enter into long-term contracts often through blind-bidding, and competitors such as Cargill, NSM, and CSC, which are

---

[2]      *See, e.g.*, *OPIS Pricing Overview: Spot, Rack & Retail Market Segments Explained*, Oil Price Info. Serv., https://www.opisnet.com/product/pricing (providing "transparent pricing" on spot prices so that "all stakeholders can buy and sell oil and energy commodities with confidence");      *see      also      Commodities*,      BLOOMBERG, https://www.bloomberg.com/markets/commodities (publicly available pricing information available in numerous commodities markets, such as agriculture, energy, metals).

[3]      *About AOF*, USDA, https://www.usda.gov/oce/ag-outlook-forum/about.

expanding and poised to exploit any price increase.  As the economic literature and case law make clear, these factors would operate to defeat any effort to coordinate, and similar factors were held to "rebut[] the notion that the current hydrogen peroxide market is vulnerable to coordination" *among the actual merging parties* in *F.T.C. v. RAG-Stiftung*, 436 F. Supp. 3d 278, 313-17 (D.D.C. 2020).

The upcoming trial should focus on whether U.S. Sugar's acquisition of Imperial will substantially lessen competition—an issue which, as noted in Defendants' motion *in limine*, Plaintiff's expert did not even analyze. ███████████████████████████ ██████████████████████████████████████████████████████ ████ ████████████████████████████████████████████████ ███████████████████████████████████████████[4]████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████████████████.[5]  And there is also no basis for the Court to conclude that Domino witnesses are adverse to the Plaintiff with respect to the challenged acquisition and that the Plaintiff can therefore ask them leading questions.

---

[4] ████████████████████████████████████████████████████████ ██████████████████

[5]     United provides information to third-party analysts because it understands that its customers utilize and benefit from having that information, and because the USDA believes such transparency leads to a better functioning sugar market in the United States.  If the United States (including the USDA) believes the sharing of spot prices and similar information with analysts is a concern, ████████████████████████████████████

MORRIS NICHOLS, ARSHT & TUNNELL LLP


/s/ Jack B. Blumenfeld
_____

OF COUNSEL:                                  Jack B. Blumenfeld (#1014)
                                             Brian P. Egan (#6227)
Lawrence E. Buterman                         1201 North Market Street
LATHAM & WATKINS LLP                         P.O. Box 1347
1271 Avenue of the Americas                  Wilmington, DE 19899
New York, NY 10020                           (302) 658-9200
(212) 906-1200                               jblumenfeld@morrisnichols.com
                                             began@morrisnichols.com
Amanda P. Reeves
Jennifer L. Giordano                         *Attorneys for Defendant United States Sugar*
Lindsey S. Champlin                          *Corporation*
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
(213) 485-1234

HOGAN MCDANIEL

/s/ Daniel K. Hogan

OF COUNSEL:

Peter J. Schwingler
Jonathan Ripa
Lauren T. Fleming
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1974

Daniel K. Hogan (#2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars Corporation*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Kelly E. Farnan

OF COUNSEL:

Christine A. Varney
David R. Marriott
Peter T. Barbur
Timothy G. Cameron
Daniel K. Zach
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Amanda L. Wait
Vic Domen
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street, NW, Suite 1000
Washington, DC 20001
(202) 662-4550

Darryl Wade Anderson
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St. Suite 5100
Houston, TX 77010
(713) 651-5562

Kelly E. Farnan (#4395)
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar Company and Louis Dreyfus Company LLC*

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, certify that this 27th day of March, 2022, I caused a true and

correct copy of the foregoing Opposition to Plaintiff's Motion In *Limine* No. 1 to be served upon

all counsel of record, to include the below, via electronic mail.

Laura D. Hatcher                                             *VIA ELECTRONIC MAIL*
Shamoor Anis
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF DELAWARE
1313 North Market Street, Suite 400
Wilmington, DE 19801
*Attorneys for Plaintiff*

Brian Hanna                                                 *VIA ELECTRONIC MAIL*
John R. Thornburgh II
Jonathan Y. Mincer
Jessica J. Taticchi
Jenigh J. Garrett
Chinita M. Sinkler
Jill Ptacek
Curtis W. Strong
Michael E. Wolin
Stephanie E. Pearl
Ryan M. Sandrock
David Geiger
Thomas P. DeMatteo
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street NW, Suite 8000
Washington, DC 20530
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY LLC. *Defendants*. | Civil Action No. 1:21-cv-01644-MN |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1

██████████████

Defendants' opposition punts on the key question for the Court: are the interests and incentives of the three Domino witnesses hostile to those of the United States, such that there is little danger of suggestion by leading questions by the United States? The answer is yes, and Defendants provide no basis to contest that conclusion.

"Exchanges of current price information [among competitors] . . . have consistently been held to violate the Sherman Act." *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978). ████████████████████████████████████

████████████████. Not so. First, Defendants prove the point by stating three times that spot prices are provided to *customers*. Of course, United and Domino are *competitors*.[1] Second, ███████████████████████████████████████████████

████  ████████:  ███████████████████████████████████

██████████████████████. *See* Declaration of David Geiger, Mar. 22, 2022, Exs. 2-10. Third, Defendants claim that the USDA provides "similar information." That is false. The USDA provides historical aggregated monthly pricing for refined cane sugar in the Northeast and refined beet sugar in the Midwest—not pricing and ██████████████████████████.

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████ Plaintiff asks the Court to permit Plaintiff to use leading questions on direct examination of all Domino witnesses.[2] This issue is ripe now to facilitate orderly preparation and presentation at trial. *See, e.g.*, *SEC v. Jacobs*, 2014 WL 12597832, at *3 (N.D. Ohio Feb. 25, 2014) (granting motion *in limine* to treat witness as hostile).

---

[1] Defendants' arguments about the relationship between U.S. Sugar and United ignore the market realities of competition for refined sugar and are tangential to this motion.
[2] The motion is not moot with respect to Mr. Olson because Defendants have objected to certain of the United States' designated deposition questions as leading.

1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | C.A. No. 21-cv-1644 (MN) |
| UNITED STATES SUGAR | ) | |
| CORPORATION, UNITED SUGARS | ) | ███████████████ |
| CORPORATION, IMPERIAL SUGAR | ) | ███████████████ |
| COMPANY, and LOUIS DREYFUS | ) | |
| COMPANY LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' MOTION *IN LIMINE*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar
Corporation*

HOGAN MCDANIEL
Daniel K. Hogan (# 2841)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dhogan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars
Corporation*

RICHARDS, LAYTON & FINGER. P.A.
Kelly E. Farnan (# 4395)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC*

March 22, 2022

Defendants move *in limine* to preclude Plaintiff's economic expert, Dr. Dov Rothman, from offering an opinion at trial that the incentives of U.S. Sugar and United's three other members are aligned as if they are a single entity acquiring Imperial.[1]

U.S. Sugar is acquiring Imperial.  However, Dr. Rothman ignores how that transaction will affect competition, and instead analyzes a hypothetical acquisition of Imperial by a separate corporation, *United*—the Minnesota cooperative that markets the sugar refined by U.S. Sugar and three other independent farming companies.  Dr. Rothman asserts that it is appropriate to view United as the relevant economic actor because U.S. Sugar and United's other member-owners' incentives supposedly "are aligned as if they are a single entity acquiring Imperial."  Ex. A, ¶ 8.  But that is *ipse dixit*:  Dr. Rothman conducted no economic analysis to support that critical assertion, and cites no record evidence to support it either.  As a district court concluded in another antitrust matter in which Dr. Rothman sought to render a bare conclusion, "[o]ne would think an economist such as Dr. Rothman would support such an assertion with some economic analysis," and his "failure to proffer any evidentiary support for [his] contentions is telling."  *Aya Healthcare Servs. v. AMN Healthcare*, 2020 WL 3414662, at *4 (S.D. Cal. June 22, 2020).  Having failed to provide any basis for his conclusion that U.S. Sugar's and United's other members' incentives are aligned as if they are a single entity acquiring Imperial, Dr. Rothman should not be permitted to present that opinion at trial.

## ARGUMENT

A testifying expert must submit a written report containing a "complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ.

---

[1]  Plaintiff provided a report from Dr. Rothman on February 28, and later provided a "corrected" report.  Ex. A is an excerpt of Dr. Rothman's March 4, 2022 Corrected Expert Report containing the paragraphs at issue in this motion.

P. 26(a)(2)(B)(i).  This complete disclosure requirement is critical to "prevent a party from being unfairly surprised by the presentation of new evidence."  *Alza Corp. v. Andrx Pharma.,* 2008 WL 1886042, at *2 (D. Del. Apr. 28, 2008).  For that reason, an expert cannot testify about opinions not adequately disclosed and substantiated.  *See* Fed. R. Civ. P. 37(c)(1); *see also Gen. Elec. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Elcock v. Kmart Corp.*, 233 F.3d 734, 755-56 (3d Cir. 2000).  These foundational rules preclude Dr. Rothman from offering an opinion about the incentives of United's members.

Dr. Rothman's report analyzes only a hypothetical acquisition of Imperial by United (not U.S. Sugar's actual acquisition of Imperial), and treats U.S. Sugar and United as if they are interchangeable entities even though they are admittedly separate companies.  Compl. ¶¶ 8-9, D.I. 1.  This conflation has significant consequences.  *First*, it misrepresents where sugar purchased in the DOJ's alleged markets ships from.  The premise of Plaintiff's case is that customers supposedly only buy sugar from suppliers located immediately nearby.  *See, e.g., id.* ¶ 24; Ex. A ¶ 9 ("[G]eographic proximity to wholesale customers matters.").  In reality, a significant portion of the sugar sold in the alleged markets ships from outside DOJ's arbitrarily-defined areas, including from Louisiana, North Dakota, Minnesota, and elsewhere.  Indeed, much of the sugar that United sells in the alleged markets comes from its independent members in the upper Midwest, not from the U.S. Sugar facility in Florida that Dr. Rothman describes as "well-situated to supply wholesale customers in the southeast region of the United States."  Ex. A, ¶ 9.  By ignoring the independent identities of United's members, Dr. Rothman obscures the true distances that sugar flows to reach customers.  *Second*, it is only by replacing U.S. Sugar with United (and aggregating all four of

United's members) that Dr. Rothman is able to manufacture concentration figures that he contends raise competitive concerns.  *Id.* ¶¶ 12, 110.  And *third*, those concentration figures would be meaningless under the vertical-merger framework needed to appropriately account for U.S. Sugar's actual identity as a refiner, but not a seller, of sugar.

Dr. Rothman treats U.S. Sugar and United interchangeably.  But, "[a] court may not disregard at will the formal differences between affiliated corporations."  *Am. Bell v. Fed'n of Tel. Workers of Pa.*, 736 F.2d 879, 886 (3d Cir. 1984).  There is a well-developed body of law as to when a court may treat affiliated entities as alter-egos, and "the test has been described as 'notoriously difficult for plaintiffs to meet.'"  *Gov't Dev. Bank for P.R. v. Holt Marine Term.*, 2011 WL 1135944, at *30 (E.D. Pa. Mar. 24, 2011); *see also Urban v. Am. Legion Post 184*, 695 N.W.2d 153, 161 (Minn. Ct. App. 2005).  Dr. Rothman's report does not address that standard, contain economic analysis about it, or cite any evidence to support his assertion that all United members' incentives are aligned for purposes of this transaction.  An expert's mere assumptions, unsupported by evidence or actual expert tradecraft, are not admissible.  *See Elcock*, 233 F.3d at 756.

Dr. Rothman's unsupported assertion that four independent companies have entirely aligned incentives is factually incorrect.[2]  However, the issue in this motion is whether Dr. Rothman should be permitted to offer that opinion when he did not do the necessary expert analysis to support it.  Allowing Dr. Rothman to testify about any assessment of this issue would run counter to the requirements of Rule 26 and prejudice Defendants.

---

[2] Each of United's members unilaterally decide how much sugar to produce, when to produce it, what investments to make in their facilities, and those unilateral decisions (and others) affect each United member differently.  *See* Ex. B, Expert Rebuttal Report of Dr. Hill ¶¶ 22-24, 97-105.

MORRIS NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jack B. Blumenfeld*

OF COUNSEL:

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves
Jennifer L. Giordano
Lindsey S. Champlin
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
(213) 485-1234

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar Corporation*

HOGAN MCDANIEL

*/s/ Daniel K. Hogan*

OF COUNSEL:

Peter J. Schwingler
Jonathan Ripa
Lauren T. Fleming
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1974

Daniel K. Hogan (#2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars Corporation*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*

OF COUNSEL:

Christine A. Varney
David R. Marriott
Peter T. Barbur
Timothy G. Cameron
Daniel K. Zach
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Amanda L. Wait
Vic Domen
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street, NW, Suite 1000
Washington, DC 20001
(202) 662-4550

Darryl Wade Anderson
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St. Suite 5100
Houston, TX 77010
(713) 651-5562

Kelly E. Farnan (#4395)
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar Company and Louis Dreyfus Company LLC*

## <u>CERTIFICATE OF SERVICE</u>

I , Jack B. Blumenfeld, certify that this 22nd day of March, 2022, I caused a true and

correct copy of the foregoing Defendant's Motion *in limine* to be served upon all counsel of

record, to include the below, via electronic mail.

Laura D. Hatcher                                               *VIA ELECTRONIC MAIL*
Shamoor Anis
UNITED STATES ATTORNEY'S OFFICE DISTRICT
OF DELAWARE
1313 North Market Street, Suite 400
Wilmington, DE 19801
*Attorneys for Plaintiff*

Brian Hanna                                                    *VIA ELECTRONIC MAIL*
John R. Thornburgh II
Jonathan Y. Mincer
Jessica J. Taticchi
Jenigh J. Garrett
Chinita M. Sinkler
Jill Ptacek
Curtis W. Strong
Michael E. Wolin
Stephanie E. Pearl
Ryan M. Sandrock
David Geiger
Thomas P. DeMatteo
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street NW, Suite 8000
Washington, DC 20530
*Attorneys for Plaintiff*

                                        */s/ Jack B. Blumenfeld*
                          _____

                            Jack B. Blumenfeld (#1014)

# EXHIBIT A

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:21-cv-01644-MN |
| UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY LLC. | |
| *Defendants*. | |

## THE UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

Plaintiff's economic expert, Dr. Dov Rothman, analyzed the economic reality of the proposed transaction: U.S. Sugar and the other United member-owners operate as a single competitor in the market for the production and sale of refined sugar. Ex. 1 (Expert Report of Dov Rothman), ¶ 110. It is undisputed that United is the exclusive means for U.S. Sugar's refined sugar products to reach customers. Defendants' Answer and Defenses, D.I. 72, ¶ 4 (Preliminary Statement), Response to ¶ 2; Ex. 2 (Expert Report of Nicholas Hill). It is undisputed that United pools the sugar refined by its member-owners and sells it at prices negotiated exclusively by United. Ex. 2, ¶ 15; *see also* Ex. 1, ¶ 44. If the merger is allowed, Imperial's sugar will join this pool, and United will be the exclusive means for Imperial's refined sugar products to reach customers. Ex. 2, ¶ 15; Ex. 3 (PTX-553), at 2-3 (agreement between United and its member-owners providing for Imperial's sugar to be marketed by United, post-closing).

Recognizing this economic reality, both Dr. Rothman and Defendants' own economic expert, Dr. Nicholas Hill, analyze competition between Imperial and United, not U.S. Sugar. *See, e.g.*, Ex. 2, ¶ 169 (assigning market share to United, not U.S. Sugar), ¶ 236 (providing "evidence that Imperial and United compete with a host of other refined sugar suppliers"). Both experts also evaluate how the transaction would affect pricing negotiated by United. Ex. 1, ¶¶ 189, 196, 212; Ex. 2, ¶¶ 251, 252, 260. This is because, as both experts agree, competition to supply customers with refined sugar is driven by individually negotiated prices. Ex. 1, ¶ 59; Ex. 2, ¶ 56; *see also* Ex. 2, ¶¶ 249-250 (both experts used "the same auction form" to analyze the market).

Defendants argue that United member-owners make unilateral decisions about *production*. Motion at 3 n.2. But that is irrelevant: neither expert models competition among sugar suppliers based on production decisions. Instead, price drives competition. Because only United negotiates pricing for U.S. Sugar's refined sugar products, and because United's member-

owners do not and cannot compete with each other on price, United is the relevant economic actor to analyze the effect of the proposed acquisition on customers. Ex. 1, ¶ 110.

None of the cases cited by Defendants support their argument. Defendants first rely on cases making the general point that experts cannot testify about undisclosed and unsubstantiated opinions. Motion at 2. These cases do not apply. Dr. Rothman disclosed and justified his opinions in his initial report and responded to Dr. Hill's criticism in his reply report. Ex. 1, ¶¶ 8, 43, 44, 47, 110; Ex. 4 (Reply Report of Dov Rothman), ¶¶ 8, 68-72. Defendants' claim that they have been prejudiced by Dr. Rothman's analysis of the undisputed facts surrounding the structure of United is not credible. Defendants will be able to fully cross-examine Dr. Rothman on his opinions in deposition and at trial.

The cases that Defendants cite about piercing the corporate veil are irrelevant, and none of them relate to antitrust analysis. Motion at 3; *see Am. Bell Inc. v. Fed'n of Tel. Workers of Pa.*, 736 F.2d 879, 886 (3d Cir. 1984) (breach of a labor contract); *Gov't Dev. Bank for P.R. v. Holt Marine Term., Inc.*, No. 02-7825, 2011 WL 1135944, at *30 (E.D. Pa. Mar. 24, 2011) (ERISA claim); *Urban v. Am. Legion Post 184*, 695 N.W.2d 153, 161 (Minn. Ct. App. 2005) (car crash).

Unlike other areas of the law, antitrust law focuses on economic reality, not on technical distinctions about corporate form. Courts do not "allow corporate forms to be used as a tool to flout antitrust laws." *See Cmty. Publishers, Inc. v. Donrey Corp.*, 882 F. Supp. 138, 140-141 (W.D. Ark. 1995) (collecting cases), *aff'd sub nom. Cmty. Publishers, Inc. v. DR Partners*, 139 F.3d 1180, 1183, 1185 (8th Cir. 1998). "Antitrust policy requires the courts to seek the economic substance of an arrangement, not merely its form." *Weiss v. York Hosp.*, 745 F.2d 786, 815 (3d Cir. 1984); *see also Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 191 (2010) (the Supreme Court has "eschewed such formalistic distinctions in favor of a functional consideration of how the parties involved in the alleged anticompetitive conduct actually operate"); *FTC v.*

*Hackensack Meridian Health, Inc.*, No. 21-2603, 2022 WL 840463, at *4 (3d Cir. Mar. 22, 2022) ("We must always consider the commercial realities of the industry involved.").

For this reason, where the commercial realities show that different firms effectively compete as a single or coordinated unit in the relevant market, those firms' market shares should be combined. *See, e.g., United States v. Anthem, Inc.*, 236 F. Supp. 3d 171, 210 (D.D.C. 2017) (combining shares of Blue Cross licensees), *aff'd*, 855 F.3d 345 (D.C. Cir. 2017); *Consol. Gold Fields PLC v. Minorco, SA*, 871 F.2d 252, 261 (2d Cir. 1989) (affirming decision aggregating market power of companies with "intertwined relationships" despite "separate corporate existence"); *Cmty. Publishers*, 139 F.3d at 1183 (affirming decision to "aggregate the interests of [two defendants] for purposes of Section 7 analysis"). The same is true here.

The Court also should deny Defendants' motion for an independent reason: Defendants seek to exclude Dr. Rothman's opinions under the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which the Court's Scheduling Order bars them from doing without leave of Court. D.I. 70 at 8. Defendants have not sought or received such leave. Defendants avoid mentioning Federal Rule of Evidence 702, but their cited authority makes clear this is the basis of their motion. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 139, 146-47 (1997) (holding that district court did not abuse its discretion when it excluded expert testimony under *Daubert*) (cited in Motion at 2).[1]

At best, Defendants' motion presents a disputed issue of fact that will be addressed at trial. Trial testimony will quickly confirm the facts showing that United is the relevant economic actor that will harm competition post-transaction. The Court should deny Defendants' motion.

---

[1] Because they cannot rely on *Daubert*, Defendants alternate between claiming that Dr. Rothman has not adequately disclosed the very opinion they challenge, and arguing that he "failed to provide any basis for his conclusion." Motion at 1-2; *see* Fed. R. Evid. 702(b).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | C.A. No. 1:21-cv-01644-MN |
| UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY, LLC, | |
| *Defendants*. | |

## DECLARATION OF MICHAEL WOLIN

I, Michael Wolin, declare as follows:

1.      I am a Trial Attorney with the Antitrust Division of the United States Department of Justice ("Antitrust Division"). I submit this declaration in connection with the United States' Opposition to the Defendants' Motion *in Limine*.

2.      Attached as **Exhibit 1** is a true and correct copy of excerpts from the Corrected Expert Report of Dov Rothman, Ph.D., dated March 4, 2022.

3.      Attached as **Exhibit 2** is a true and correct copy of excerpts from the Expert Rebuttal Report of Nicholas Hill, Ph.D., dated March 14, 2022.

4.      Attached as **Exhibit 3** is a true and correct copy of a document produced by U.S. Sugar bearing bates number USSUGAR-2R-00000153 through USSUGAR-2R-00000163, which Plaintiff has marked as PTX-553.

5.      Attached as **Exhibit 4** is a true and correct copy of excerpts from the Expert Reply Report of Dov Rothman, Ph.D., dated March 25, 2022.

1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2022.

/s/ Michael Wolin
Michael Wolin
Trial Attorney
U.S. Department of Justice, Antitrust Division
450 5th St. NW, Suite 7100
Washington, DC 20001

Exhibit 1

Exhibit 2

Exhibit 3

Exhibit 4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) |
| | ) C.A. No. 21-cv-1644 (MN) |
| UNITED STATES SUGAR | ) |
| CORPORATION, UNITED SUGARS | ) ███████████ |
| CORPORATION, IMPERIAL SUGAR | ) ███████████ |
| COMPANY, and LOUIS DREYFUS | ) ███████████ |
| COMPANY LLC, | ) |
| | ) |
| *Defendants*. | ) |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar
Corporation*

HOGAN MCDANIEL
Daniel K. Hogan (# 2841)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dhogan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars
Corporation*

RICHARDS, LAYTON & FINGER. P.A.
Kelly E. Farnan (# 4395)
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar
Company and Louis Dreyfus Company LLC*

March 28, 2022

Plaintiff's opposition confirms that Dr. Rothman did not analyze the impact of U.S. Sugar owning Imperial (i.e., the acquisition Plaintiff seeks to block) or conduct any economic analysis to support his assertion that it is appropriate to treat United as the entity acquiring Imperial.

Plaintiff seeks to dismiss this failure by arguing that the fact that U.S. Sugar makes independent decisions about its production of sugar is "irrelevant." That is simply wrong. Plaintiff's alleged product market is "the *production and sale* of refined sugar." Opp. at 1. Plaintiff also asserts that "price drives competition" and, because United negotiates prices for its members, it—not U.S. Sugar—is the relevant actor. Plaintiff ignores basic economics, which dictates that price cannot be divorced from supply, as Dr. Rothman acknowledges when he says that "a firm that produces a greater quantity will sell more units, but it will likely need to offer lower prices to do so." Ex. 1, Rep. ¶ 191; Ex. C, Reply ¶ 158 ("increasing prices would decrease the quantity they sell"). That makes particularly suspect Dr. Rothman's failure to analyze whether sales incentives can (or should) be viewed separately from production incentives. U.S. Sugar independently determines how much sugar it produces, the same way each other member of United alone determines how much sugar it produces. Without considering the price ramifications of that, Dr. Rothman's claim of aligned incentives and treatment of United as the acquiring entity is unsound.

Plaintiff's response also raises a more fundamental problem. Plaintiff tries to justify Dr. Rothman's failure of analysis by noting that there is a separate marketing agreement that provides that United will market sugar produced by Imperial post-acquisition. However, the Capper Volstead Act specifically provides an antitrust exemption for associations and their members entering into marketing agreements. 7 U.S.C. § 291. Plaintiff cannot utilize Clayton Act Section 7 to block this acquisition based on a claimed effect of the marketing agreement (as opposed to the U.S. Sugar Asset Purchase Agreement) on United's size and competition in the market.

MORRIS NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack. B. Blumenfeld

OF COUNSEL:

Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Amanda P. Reeves
Jennifer L. Giordano
Lindsey S. Champlin
Molly M. Barron
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Christopher S. Yates
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Elyse M. Greenwald
LATHAM & WATKINS LLP
10250 Constellation Boulevard, Suite 1100
Los Angeles, CA 90067
(213) 485-1234

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant United States Sugar Corporation*

HOGAN MCDANIEL

/s/ Daniel K. Hogan

OF COUNSEL:

Peter J. Schwingler
Jonathan Ripa
Lauren T. Fleming
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1974

Daniel K. Hogan (#2814)
Daniel C. Kerrick (#5027)
1311 Delaware Avenue, Suite 1
Wilmington, DE 19806
(302) 656-7540
dan@dkhogan.com
dckerrick@dkhogan.com

*Attorneys for Defendant United Sugars Corporation*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Kelly E. Farnan

OF COUNSEL:

Christine A. Varney
David R. Marriott
Peter T. Barbur
Timothy G. Cameron
Daniel K. Zach
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Amanda L. Wait
Vic Domen
NORTON ROSE FULBRIGHT US LLP
799 Ninth Street, NW, Suite 1000
Washington, DC 20001
(202) 662-4550

Darryl Wade Anderson
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St. Suite 5100
Houston, TX 77010
(713) 651-5562

Kelly E. Farnan (#4395)
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants Imperial Sugar Company and Louis Dreyfus Company LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

I , Jack B. Blumenfeld, certify that this 28nd day of March, 2022, I caused a true and

correct copy of the foregoing Reply In Support of Defendants' Motion *In Limine* to be served

upon all counsel of record, to include the below, via electronic mail.

Laura D. Hatcher                                                    *VIA ELECTRONIC MAIL*
Shamoor Anis
UNITED STATES ATTORNEY'S OFFICE DISTRICT
OF DELAWARE
1313 North Market Street, Suite 400
Wilmington, DE 19801
*Attorneys for Plaintiff*

Brian Hanna                                                        *VIA ELECTRONIC MAIL*
John R. Thornburgh II
Jonathan Y. Mincer
Jessica J. Taticchi
Jenigh J. Garrett
Chinita M. Sinkler
Jill Ptacek
Curtis W. Strong
Michael E. Wolin
Stephanie E. Pearl
Ryan M. Sandrock
David Geiger
Thomas P. DeMatteo
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
450 Fifth Street NW, Suite 8000
Washington, DC 20530
*Attorneys for Plaintiff*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

# EXHIBIT C