

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

April 13, 2022

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street
Room 4324, Unit 19
Wilmington, DE 19801-3555

    Re:    *United States v. United States Sugar Corp., et al.*, No. 21-cv-1644 (MN)

Dear Judge Noreika:

    As previewed at the Court's Pretrial Conference (D.I. 175 at 13–14), the United States respectfully submits that good cause exists for the Court to close the courtroom and seal the record for short discussions of competitively sensitive information from certain nonparty witnesses. The United States is providing the Court with a status update on third-party confidentiality issues now in an effort to avoid burdening the Court with these issues during trial.

    The United States plans to call three live third-party witnesses: employees of customers General Mills and Piedmont Candy, and an employee of competitor Domino Foods. The United States may call up to seven third-party witnesses by video deposition. Most of these depositions are approximately ten minutes or less for the United States' designations. Nine of these third parties have designated exhibits and all or part of their deposition testimony as confidential under the Protective Order (D.I. 50).

    The United States has a strong institutional interest in ensuring that trial proceedings are as open to the public as possible. As a federal agency charged with protecting competition, however, we also are mindful of protecting legitimately competitively sensitive information, especially of third parties.

    There is a strong, but "not absolute," presumption that judicial proceedings should be open to the public. *Littlejohn v. BIC Corp.,* 851 F.2d 673, 677–78 (3d Cir. 1988). To support keeping material confidential, the requesting party must demonstrate good cause in the form of a "clearly defined and serious injury," shown with "specificity." *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994); *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984).

In the United States' most recent merger trial in this District, Judge Stark allowed several limited closures of the courtroom to prevent the disclosure of competitively sensitive information in open court. *See United States v. Sabre Corp.*, 452 F. Supp. 3d 97, 149–50 (D. Del. 2020), *vacated on other grounds*, 2020 WL 4915824, at *1 (3d Cir. July 20, 2020); *United States v. Sabre Corp.*, No. 19-1548-LPS (Jan. 27, 2020) (Tr. 19–21). In a previous merger trial, Judge Robinson also permitted several limited closures of the courtroom for the same reason. *See United States v. EnergySolutions, Inc.,* No. 16-01056-SLR (Apr. 24, 2017) (Tr. 191). Here, the United States anticipates asking the Court to close the courtroom in two scenarios.

1. <u>Witnesses Providing Live Testimony</u>

The United States is working in good faith with Aaron Riippa (General Mills) and Heath Cagle (Piedmont Candy), two customer witnesses who will testify live, to develop workarounds so that as much testimony as possible can be elicited in open court.[1] Such workarounds are often employed in merger trials that relate to forward-looking industry competition. Where possible, we will ask about certain matters in general terms so as not to disclose information that the third parties maintain is confidential. To the extent we seek to elicit customer witness testimony on documents that third parties have designated as confidential, with the Court's leave we will do so without publishing the document to the gallery (or publishing only a redacted version of the document) or asking about specifics that might give rise to the witnesses' confidentiality concerns, relying on the fact that the witness and the Court are both able to see the complete document.

Despite these workarounds, the United States believes that there is a limited amount of specific competitively sensitive material that both (1) is important to the issues in dispute and (2) could cause clearly defined and serious injury to competition if revealed publicly. The United States believes that it will be impracticable for these two customer witnesses to work around testifying regarding certain matters related to current supplier information, pricing, and negotiating strategies without divulging confidential information that would result in clear and serious harm to competition. Specifically, the customer witnesses are expected to testify about supplier options and delivery methods, supplier price quotes, specific bid awards, and proprietary product recipes.

The United States respectfully submits that if customers must explain in open court who their supplier options are and the specific prices offered by those suppliers, then—regardless of whether the acquisition is enjoined—Defendants and other refiners may use the disclosed information to the detriment of these customers in their next negotiations, such as by declining to offer lower prices or higher quality service. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d

---

[1] With respect to the Domino Foods employee, Alan Henderson, some disagreements currently remain between the United States and Domino Foods as to the competitive sensitivity of information in the Domino Foods witnesses' testimony and in certain documents. We continue to work with Domino Foods to resolve or narrow our disagreements. Depending on the resolution of those discussions, the United States may request that some of Mr. Henderson's testimony also proceed in closed court.

503, 510 (D. Del. 2012) (granting protection to information that "could cause real and serious harm to the parties' future negotiations").

The United States also anticipates that Defendants may delve into competitively sensitive topics during cross examination of these witnesses.

To avoid uncertainty or disruption during the proceedings, the United States respectfully requests that, to the extent there remain a small number of confidential topics with either or both Mr. Riippa and Mr. Cagle, we save those topics for the end of each examination and that the courtroom briefly be closed to address them. After using the workarounds discussed above, the United States anticipates that the courtroom will need to be closed for no more than ten minutes of the live direct examination of Mr. Riippa and Mr. Cagle.

2. <u>Witnesses Testifying via Video Deposition</u>

The United States anticipates that the witnesses it plans to call via video depositions will present similar issues. For customer witnesses, the deposition will likely contain discussions of similar sensitive information.[2] For witnesses from other refiners, the deposition testimony will likely include discussions of their current and future strategy and sales plans, expansion plans, customer pricing, and financial forecasts. The disclosure of this type of information could constitute a "clearly defined and serious injury" to third parties. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D. Del. 1999).

Competitively sensitive deposition testimony presents a different challenge than live testimony. With live testimony, the United States has worked with the third-party customers to fashion its examination in a way to permit the majority of testimony to be elicited in open court. With deposition testimony, however, competitively sensitive information is interspersed throughout the depositions. Per paragraph 21 of the pretrial order (D.I. 173), deposition testimony will be played in chronological order. Moreover, as a practical matter, it would be difficult if not impossible to rearrange the deposition examination to move all competitively sensitive information to the end of the deposition testimony.

The United States respectfully proposes a potential path for proceeding with deposition testimony while maintaining the confidentiality of the third parties' competitively sensitive information. The Court could order that these depositions be played in open court until the first designation of competitively sensitive information appears, at which point the deposition testimony will be paused until the courtroom is closed. The courtroom would remain closed for the remainder of that deposition to minimize disruptions. For depositions where there is minimal testimony before competitively sensitive information is disclosed, the courtroom could remain closed over multiple depositions to minimize disruption and efficiently use the Court's time. The parties can ensure that the official public transcript will include all information played in a closed courtroom that is not designated as competitively sensitive information.

---

[2] It is possible that the parties may remove certain designations of deposition testimony that is claimed as confidential by third parties, but it is unlikely that all such confidential testimony would be removed from the deposition designations of any third party.

   The United States expects similar issues regarding confidentiality may arise for Defendants during their direct and cross examinations of third parties. The United States invited Defendants to join this letter. Defendants declined.

   We thank the Court for your attention to this matter.

               Respectfully submitted,

               <u>*/s/* Brian Hanna</u>
               BRIAN HANNA

               U.S. Department of Justice
               Antitrust Division
               450 5th Street, NW, Suite 8000
               Washington, DC 20530
               Tel.: (202) 460-4294
               E-mail: brian.hanna2@usdoj.gov