IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES SUGAR CORPORATION, UNITED SUGARS CORPORATION, IMPERIAL SUGAR COMPANY, and LOUIS DREYFUS COMPANY LLC.,<br><br>*Defendants*. | Case No. 1:21-cv-01644-MN<br><br>**PUBLIC VERSION FILED<br>APRIL 18, 2022** |

**NON-PARTY AMERICAN SUGAR REFINING INC.'S
<u>MOTION FOR A PROTECTIVE ORDER</u>**

Non-party American Sugar Refining Inc. ("American Sugar") has provided the Government with thousands of highly confidential business documents in connection with its investigation of the challenged merger in this case. American Sugar has also made several witnesses available for deposition, where those witnesses divulged sensitive business information. These documents and testimony are highly competitively sensitive and could seriously harm American Sugar's competitive advantage if disclosed to its competitors. Accordingly, American Sugar properly designated those documents and that testimony as confidential pursuant to the Court's Protective Order on multiple occasions and without objection.

American Sugar provided its sensitive documents and testimony to the Government with the understanding that its confidentiality would be protected, including from American Sugar's competitors, like Defendants' business personnel. Yet now that American Sugar has made its

1

extensive disclosures, the Government[1] has taken a surgically narrow view of what constitutes confidential information and disagrees with some of American Sugar's designations.[2]

Pursuant to the Pretrial Order, D.I. 173 ¶ 46, American Sugar respectfully moves this Court for a protective order requiring any of the confidential information identified in Exhibit 1 to be filed under seal and kept confidential during trial and any subsequent proceedings.

### I.  BACKGROUND

American Sugar is one of the most successful sugar-refining companies in the United States; it actively competes with Defendants in the highly competitive sugar-refining industry. American Sugar takes no position on the challenged merger and is not a party to this case.

Since May 2021, American Sugar has fully complied with the Government's requests in this matter. In response to a civil investigative demand, American Sugar produced nearly 45,000 highly confidential documents to the Government. At the Government's request, American Sugar produced additional competitively sensitive documents in this litigation, responded to various clarifying questions, and made every requested witness available for deposition. Those witnesses testified for nearly thirty hours, including about the most sensitive parts of American Sugar's business. Pursuant to the Protective Order, American Sugar designated these documents and testimony as confidential. When it did so, neither the Government nor Defendants objected.

On March 11, 2022, the Government notified American Sugar that it had designated fifty-three of American Sugar's confidential documents and the *entire* transcripts of three of its

---

[1] By contrast, Defendants have made no objections to these designations.

[2] Given American Sugar's fulsome cooperation, the Government's apparent hostility toward the company is disappointing. For example, without informing American Sugar that it would do so, the Government apparently sought to treat American Sugar's witnesses as hostile at trial, a request the Court denied.

witnesses (Alan Henderson, Mark Olson, and Adam Whittaker) for use at trial.[3] Even though American Sugar had already designated this information as confidential and the Government had not objected, the Government demanded that American Sugar *redesignate* the documents and transcripts within a few business days. When American Sugar informed the Government that it maintained its previous confidentiality designations, the Government insisted that American Sugar provide narrower, line-by-line designations. Despite the obvious burden of the Government's request on a non-party, American Sugar complied and has provided narrower designations.[4]

On April 4, 2022, the Government notified American Sugar that it disagreed with American Sugar's confidentiality designations for thirty-seven of the Government's fifty-three designated documents, as well as six documents designated by Defendants. On April 10, the Government notified American Sugar that it disagreed with certain parts of American Sugar's designations for three deposition transcripts. *See* Ex. 1 (identifying specifically all disputed confidentiality designations).[5] American Sugar has met and conferred with the Government regarding this

---

[3] After a meet and confer, the Government agreed to make narrower designations for Olson's deposition transcript but maintained it might use the entirety of Henderson's and Whittaker's transcripts because they were testifying at trial. The Government refused to provide American Sugar with narrower designations, even though American Sugar understands that the Government provided such designations to Defendants and the Court.

[4] This was particularly burdensome on American Sugar (a non-party) as the Government had designated, *inter alia*, the entirety of deposition testimony spanning over *14 hours* and nearly *500 pages* for use at trial—even though the trial itself is scheduled to last only five days. The Government recently notified American Sugar that it had changed its mind and would no longer be using Whittaker's transcript—*after* American Sugar had already spent the time and money reviewing and designating roughly 260 pages of testimony.

[5] American Sugar has attached each relevant document or transcript and highlighted the portion for which confidentiality is disputed. Exs. 2–39. American Sugar has not highlighted the portions for which the parties agree the material should be kept confidential. *See* D.I. 173 ¶ 46 ("If Plaintiff, Defendants, and a third party agree that a third party's information is Confidential, it shall remain under seal and redacted at trial.").

dispute.[6] Nevertheless, there remain disagreements over American Sugar's confidentiality designations, so American Sugar files this motion. *See* D.I. 173 ¶ 46 ("If, as of April 4, 2022, there are disagreements between a party and any third party as to what constitutes Confidential information or redactions for use at trial, that third party may file a request with the Court no later than April 11, 2018 regarding any such dispute . . . .").[7]

## II. AMERICAN SUGAR'S CONFIDENTIAL INFORMATION SHOULD BE SEALED.

Although "there is a presumptive right of public access" to judicial documents and proceedings, *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019), a movant can overcome that presumption by demonstrating "that the material [to be sealed] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*

Here, the information at issue, *see* Ex. 1, (the "Confidential Information") includes ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████

---

[6] American Sugar continues to meet and confer with the Government regarding remaining disagreements.

[7] Unfortunately, although the parties proposed the Pretrial Order on March 28, and despite requests from American Sugar for the Government to disclose the timing for dealing with confidentiality disputes, the Government did not inform American Sugar about the proposed schedule until April 4.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

This is precisely the sort of information that courts regularly protect from disclosure. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Courts—including courts in this district—often seal public documents and proceedings "to protect the parties' confidential proprietary business and competitive interests." *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013); *see, e.g.*, *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000); *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-853, 2021 WL 4843959, at *2 (D. Del. Oct. 18, 2021); *GoSMILE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011).

Revealing the Confidential Information in a public forum would allow American Sugar's competitors (two of which are parties to this case) to anticipate and undercut American Sugar's pricing and marketing strategies and throttle American Sugar's ability to negotiate effectively with customers and suppliers. American Sugar operates in a highly competitive industry. ██████ ███████████████████████████████ ████████████████████████ This approach sets American Sugar apart from its competitors and provides it with a competitive edge that would be undermined by public disclosure.[8]

---

[8] ███████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

5

The breadth of the information the Government has designated enhances the risk of competitive harm. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████

American Sugar's non-party status in this case also favors a protective order. *See United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157, 159–60 (D. Del. 1999) (factoring in the movant's non-party status in granting a protective order in an antitrust case). Its business information is not at risk of exposure "because [it is] a litigant seeking redress or an accused wrongdoer defending a lawsuit." *Id.* at 160. Rather, it is only "because [it] ha[s] valuable information" that may bear on a litigation against its competitors. *Id.* The Court should limit the collateral damage of the Government's case and not allow bystanders to have their business undermined in the process. *See id.*

If American Sugar's competitively sensitive business information is published in this case, it could also hurt future government investigations. If third parties know that the Government will ultimately publish the confidential business information they provide during investigations (making it available to the very merging competitors being investigated), they may "consider the risk inherent in sharing extremely sensitive information too high a price to pay" and attempt to avoid cooperating. *See id.* Aside from future effects, repaying American Sugar's consistent cooperation with an unnecessary blow to its business is fundamentally unfair.

---

████████████████████████████████████████████████

Publicly disclosing the Confidential Information would not only injure American Sugar, but it could impair competition in the sugar-refining industry: allowing American Sugar's competitors to gain an advantage not through competition on the merits but by getting a window into its inner workings. It would be perverse if this case, ostensibly brought to preserve the competitive nature of the sugar-refining industry, were to do the opposite. This anticompetitive risk distinguishes this situation from other protective-order requests. Often, a sealing request pits the public interest in open courts against purely private concerns in confidentiality. But here, sealing serves both private *and* public interests as there is an "important public interest in free competition," *Fortner Ents., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 502 (1969), which can lower prices, improve quality, and prompt innovation. *See Paschall v. Kansas City Star Co.*, 727 F.2d 692, 698 (8th Cir. 1984).

Finally, American Sugar's request to protect the confidentiality of its sensitive business information will have no impact on the parties' ability to present their case or the Court's ability to view and consider information.

### III. CONCLUSION

For these reasons, American Sugar respectfully asks the Court to require any of the Confidential Information identified in Exhibit 1 be filed under seal and remain confidential during trial and any subsequent proceedings.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | /s/ *A. Thompson Bayliss* |
| OF COUNSEL: | A. Thompson Bayliss (#4379) |
|  | Eric A. Veres (#6728) |
| David Higbee | ABRAMS & BAYLISS LLP |
| Djordje Petkoski | 20 Montchanin Road, Suite 200 |
| Ryan Leske | Wilmington, Delaware 19807 |
| Jacob M. Coate | Tel: (302) 778-1000 |
| SHEARMAN & STERLING LLP |  |
| 401 9th Street, NW Suite 800 |  |
| Washington, DC 20004-2128 | *Attorneys for non-party American Sugar* |
| Tel: (202) 508-8000 | *Refining, Inc.* |

Dated: April 11, 2022