IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1644 (MN) |
| ) | |
| UNITED STATES SUGAR ) | |
| CORPORATION, UNITED SUGARS ) | |
| CORPORATION, IMPERIAL SUGAR ) | |
| COMPANY, and LOUIS DREYFUS ) | |
| COMPANY LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of September 2022:

The United States Government, through the Federal Sugar Program administered by the United States Department of Agriculture ("USDA"), ensures that purchasers and consumers in the United States pay higher prices for refined sugar than those in other parts of the world. Now, however, the Government comes to the Court professing concern for those same purchasers and consumers should the Court not enjoin the acquisition of Imperial Sugar Company by United States Sugar Corporation ("the Proposed Transaction") until its appeal is concluded. (D.I. 246, 250). In essence, as Defendants put it, "the Government continues to try to obtain via delay what it could not obtain on the merits." (D.I. 251 at 1).[1]

---

[1] The Government alternatively asks the Court for "a 14-day temporary injunction to give the Third Circuit sufficient time to consider" a motion the Government intends to file "later tonight." (D.I. 250). The Government has already filed its appeal and has given this Court on the order of one day to decide the pending motion. (D.I. 250). The Court will not presume that the Third Circuit cannot address a motion in less than 14 days (or decide for itself how long it needs to address any yet-to-be filed motion). Therefore, that relief is denied.

The Government seeks relief pursuant to Rule 62(d) of the Federal Rules of Civil Procedure. Courts traditionally consider four factors in determining whether to issue an injunction under Rule 62(d): "(1) whether the . . . applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured . . . ; (3) whether issuance . . . will substantially injure the parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Here, the Government has not established a strong showing that it is likely to succeed on the merits. The Court held a trial, listened to witnesses and evaluated the evidence. As set forth in the Court's Memorandum Opinion of September 23, 2022 (D.I. 242), the Government failed in its burden to prove a *prima facie* case of a Clayton Act § 7 violation. The credentials and experience of the Government's only expert were lacking. (D.I. 242 at 24-25). And the Government, relying on that expert, failed to identify a relevant product market and its proffered geographic market was unduly narrow.[2] (*Id.* at 25-26, 41-53). The Government also ignored the economic realities of the sugar market, including the availability of its own regulatory tools to constrain any potential anticompetitive impacts of the Proposed Transaction. (*Id.* at 54-58).

The Government has also failed to establish irreparable harm in the absence of the requested injunction. According to the Government, once the Proposed Transaction occurs, it will be difficult to "unscramble[e] the eggs" – *i.e.*, to undo it. (D.I. 247 at 12). As Defendants point out, however, it is not impossible. (D.I. 251 at 13-14). Indeed, the Government has brought suits

---

[2] The Government's expert did not conduct his own analysis of an appropriate market, but instead relied on markets defined by the Government. And as a whole, the Court found the expert's testimony to be unpersuasive (as have other courts). *See, e.g.*, *In re Altria Group, Inc. & JUUL Labs, Inc.*, No. 9393 (F.T.C. Feb. 23, 2022) (Initial Decision at 91) (finding that his calculations were not "economically sound"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17-205, 2020 WL 3414662, at *4 (S.D. Cal. June 22, 2020) (finding his study to be "seriously flawed.").

to address transactions which have already been consummated and obtained divestiture. *See, e.g.*, *In re ProMedica Health Sys., Inc.*, No. 9346, 2012 WL 2450574 (F.T.C. June 25, 2012) (ordering divestiture); *In re Whole Foods Market, Inc.*, No. 9324, 2008 WL 5724689 (F.T.C. Sept. 8, 2008) (same, post-appeal); *F.T.C. v. St. Luke's Health Sys. Ltd.*, No. 1:12-560-BLW et al., 2014 WL 407446 (D. Idaho Jan. 24, 2014); *U.S. v. Bazaarvoice, Inc.*, No. 13-133-WHO, 2014 WL 203966 (N.D. Cal. Jan. 8, 2014).

Finally, as to the other factors, on balance those support denial of the Government's motion. Although it is unclear that Defendants will be harmed by a short delay,[3] the public interest lies in allowing the Proposed Transaction to go forward. The Court heard testimony from Dr. Barbara Fecso, a Ph.D. economist who has worked at USDA for almost 30 years and with the Federal Sugar Program for almost 20 years. There is no one at USDA with a longer tenure working on the Federal Sugar Program or in making recommendations to the undersecretaries for that program. Dr. Fecso testified credibly that she anticipates that the Proposed Transaction is not likely to lead to higher prices but, in fact, may lower prices for U.S. purchasers and consumers of refined sugar by creating certain efficiencies and cost savings. (*See* D.I. 242 at 55-58).

Thus, having considered the relevant factors, the Court finds that they weigh against the injunctive relief sought by the Government.

THEREFORE, IT IS HEREBY ORDERED that the Government's motion (D.I. 246) for an injunction pending appeal is DENIED.

*[signature]*
The Honorable Maryellen Noreika
United States District Judge

---

[3] Defendants, without informing the Court, agreed to a "timing agreement" that effectively modified the closing date (*see* D.I. 247, Ex. A § IV.B), suggesting that a short delay would not be prejudicial to them. The Government, however, seeks an injunction pending the decision on appeal, which could (take months or years). That would prejudice Defendants.