IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1644 (MN) |
| ) | |
| UNITED STATES SUGAR ) | |
| CORPORATION, UNITED SUGARS ) | |
| CORPORATION, IMPERIAL SUGAR ) | |
| COMPANY, and LOUIS DREYFUS ) | |
| COMPANY LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of September 2022:

On September 23, 2022, the Court issued a Memorandum Opinion deciding the issues raised at the bench trial held earlier this year. (D.I. 242). The Court issued the Memorandum Opinion under seal because it contained specific competitive information produced by third parties in this case. The Court ordered the parties to "coordinate with all affected third parties" and submit as proposed redactions the "absolute bare minimum necessary to protect competitively sensitive information." (D.I. 243). The parties have now submitted proposed redactions and moved to have a redacted version of the opinion filed publicly.

The common law presumes that the public has a right of access to judicial records. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir. 1986); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). A "judicial record" is a document that "has been filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

To overcome the strong presumption of access, a movant must show that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mrktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The movant seeking closure must make a specific showing on a document-by-document basis. *Avandia*, 924 F.3d at 677. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Cendant*, 260 F.3d at 194.

During the trial of this case, the Court addressed individual motions of third parties seeking to keep limited information confidential (and seal the courtroom) to prevent competitive injury. The information included specific details about amounts of sugar bought and sold, pricing, competitive bidding and transportation options (and pricing). In each case where the motion was granted, the Court made a determination that disclosure would work a clearly defined and serious injury to the particular third party. In connection with the currently filed motion, the parties essentially refer the Court back to the rulings it has previously made regarding confidentiality. The Court has reviewed the arguments and its rulings from trial and has read the proposed redacted opinion line by line. In doing so, the Court has approved or rejected proposed redactions based on whether the Court is convinced that disclosure of the material at issue would work a clearly defined and serious injury to the third parties.

THEREFORE, IT IS HEREBY ORDERED that the parties' joint motion (D.I. 254) seeking redactions to the Memorandum Opinion is GRANTED-IN-PART and DENIED-IN-PART. The Court will docket the public version of the Memorandum Opinion.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge